■ CARROLL B. STOIANOFF, Appellant, v NEW AMERICAN LIBRARY, Respondent, et al., Defendant.—In an action to recover damages, *inter alia,* for fraud, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Donovan, J.), entered December 1, 1987, which granted the

defendant New American Library's motion to stay the action and compel arbitration, and (2) as limited by his brief, from so much of an order of the same court, dated February 8, 1988, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered December 1, 1987 is dismissed, as that order was superseded by the order dated February 8, 1988, made upon reargument; and it is further,

Ordered that the order dated February 8, 1988 is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

"[E]ven when it is alleged, as it is in this case, that the contract itself is invalid in its entirety, the court's role is still confined to determining the validity of the arbitration clause alone. If the arbitration agreement is valid, any controversy as to the validity of the contract as a whole passes to the arbitrators" *(Matter of Prinze [Jonas],* 38 NY2d 570, 577). Here, the court properly concluded that the broad arbitration clause is valid, as the plaintiff offers absolutely no evidence of fraud in the inducement of the arbitration clause or that the entire contract, including the arbitration provision, is permeated with fraud *(see, Matter of Silverman [Benmor Coats],* 61 NY2d 299; *Matter of Weinrott [Carp],* 32 NY2d 190).

The court also did not err in concluding that the defendant New American Library (hereinafter NAL) did not waive its right to arbitration by participating in the first action brought by the plaintiff. NAL's participation in that action was limited to moving to dismiss the action for lack of capacity or alternatively seeking a stay to compel arbitration, activity which, under the circumstances, cannot be said to manifest a preference to litigate inconsistent with NAL's present claim that the parties are obligated to settle their differences by arbitration *(cf., Sherrill v Grayco Bldrs.,* 64 NY2d 261).

We have considered the plaintiff's remaining contentions and find them to be without merit. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.