■ TWO CENTRAL TOWER FOOD, INC., Respondent, v SERGIO PELLIGRINO et al., Appellants, et al., Defendants. [622 NYS2d 701] —Order of the Supreme Court, New York County (Ira Gammerman, J.), entered on or about September 22, 1994, which denied the defendants' motion to stay the proceedings and have the matter referred to arbitration, unanimously reversed, on the law and facts, and the motion by defendants is granted, without costs or disbursements.

The parties herein entered into a shareholder agreement which contained an arbitration clause covering "any dispute with respect to any matter pertaining to this agreement or any controversy or claim arising out of or relating to this agreement".

Thereafter, the Pelligrino defendants, in a letter by their attorney, dated February 28, 1994, stated that they were resigning as officers and directors of the corporation and surrendering their stock interests "with the express intention to insulate themselves from any and all liability and/or obligation which the corporation may incur subsequent to this date."

Subsequently, plaintiffs commenced the underlying action which claimed, *inter alia,* that the defendants embezzled corporate funds, altered corporate books, conspired in misappropriating corporate funds, and engaged in other illegal activities.

Defendants served a verified answer but did not assert affirmative defenses or counterclaims. After substituting counsel, they moved to compel the parties to arbitrate the claims. The IAS Court denied that motion. However, we find that the defendants did not waive their right to compel arbitration

either by the timing of their motion or their letter terminating their positions as officers and directors.

It is accepted that the underlying shareholder agreement was valid and binding between the parties, and that the agreement contains a broad encompassing arbitration clause. Further, the defendants' actions to release themselves as fiduciaries did not nullify the arbitration clause inasmuch as the plaintiff's suit clearly relates to the defendants' performance under the shareholder agreement.

It is well-settled that issues which go to the validity of the substantive provisions of a contract are to be resolved by an arbitrator even where there are allegations that the underlying agreement was abandoned or terminated, which could have the effect of negating the agreement's arbitration clause (*Matter of Cassone,* 63 NY2d 756, 758; *see also, Matter of Tarpon Cove [Taylor Woodrow Blitman Prop. Corp.],* 105 AD2d 656, 657).

Further, defendants' limited participation in the action did not constitute a waiver of their right to compel arbitration. In order for a party to waive such a right, it must be shown that that party participated in the action to a degree which would manifest acceptance of the courts as the proper forum (*De Sapio v Kohlmeyer,* 35 NY2d 402). However, in the "absence of unreasonable delay, so long as the defendant's actions are consistent with an assertion of the right to arbitrate, there is no waiver" (*supra,* at 405).

Here, the defendants did not engage in discovery, nor did they purposefully file counterclaims or affirmative defenses which might be perceived as an active participation and acceptance of litigation (*see, Meisel v Grunberg,* 169 AD2d 675). Issue was joined on June 15, 1994, and on August 22, 1994 defendants served a consent to substitute attorneys. Their order to show cause to stay the proceedings and compel arbitration was made returnable on September 13, 1994. Consequently there is no showing that the defendants were dilatory in seeking arbitration. Concur—Ellerin, J. P., Kupferman, Asch, Nardelli and Williams, JJ.