■ COLOGNE REINSURANCE COMPANY OF AMERICA, Respondent, v SOUTHERN UNDERWRITERS, INC., et al., Appellants. [630 NYS2d 548] —In an action, *inter alia,* for rescission of a reinsurance agreement, the defendants appeal (1) from so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered March 15, 1994, as denied the defendants' motion, among other things, to stay the action and compel arbitration of the claims raised in the plaintiff's complaint, and (2) as limited by their brief, from so much of an order of the same court entered June 20, 1994, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order entered March 15, 1994, is dismissed, as that order was superseded by the order entered June 20, 1994, made upon reargument; and it is further,

Ordered that the order entered June 20, 1994, is reversed insofar as appealed from, the order entered March 15, 1994, is vacated, and the motion to stay the action and compel arbitration is granted; and it is further,

Ordered that the defendants are awarded one bill of costs.

In July 1992, the plaintiff Cologne Reinsurance Company of America (hereinafter Cologne), entered into an Obligatory Surplus Reinsurance Agreement (hereinafter the Agreement), with the defendant Southern Underwriters, Inc. (hereinafter

Southern) whereby Cologne agreed to assume 5% of any losses covered by policies issued by Southern in a certain area of Dade County, Florida. The Agreement contained the following provision: "[a]s a condition precedent to any right of action hereunder, any dispute arising out of or related to the interpretation of this Agreement or the rights of either party with respect to any transaction involved, whether arising before or after the termination of this Agreement shall be submitted" to an arbitration panel. About two months later, hurricane Andrew struck Dade County, Florida. Ultimately Cologne paid Southern over $10 million in reinsurance coverage as a result of the destruction caused by the hurricane.

While Cologne still owed an additional $1,700,000 in reinsurance claims to Southern, it commenced this action, *inter alia,* for rescission of the Agreement alleging that Southern and its parent companies, the defendants Skandia Direct Operations Corporation and Skandia U.S. Holding Corporation, had deliberately misrepresented and concealed material facts indicating a high concentration of insurance risks in certain geographical areas in Dade County, Florida, for which Southern provided insurance coverage.

The Supreme Court denied the defendants' motion pursuant to 9 USC §§ 2, 3, and 4 and CPLR 7503 (a), to stay Cologne's action and compel arbitration of the dispute pursuant to the arbitration clause on the basis that Cologne had established a "grand scheme" by the defendants to defraud which permeated the agreement, thereby invalidating the arbitration provision. Upon reargument, the court modified its prior determination by finding that the subject arbitration clause was narrowly worded to exclude arbitration of fraudulent inducement claims but otherwise adhered to its prior determination. We reverse.

The Supreme Court improperly denied the defendants' motion since the subject arbitration clause was broadly worded, and hence, encompasses Cologne's claims of fraudulent inducement directed at the Agreement itself *(see, Prima Paint Corp. v Flood & Conklin Mfg. Co.,* 388 US 395; *Matter of Weinrott [Carp],* 32 NY2d 190). Moreover, Cologne's bare conclusory assertions are insufficient to demonstrate that "the alleged fraud was part of a grand scheme that permeated the entire contract including the arbitration provision" *(Matter of Weinrott [Carp], supra,* at 197; *see also, Stoianoff v New Am. Lib.,* 148 AD2d 600). Accordingly, arbitration of the instant dispute is appropriate *(see, Prima Paint Corp. v Flood & Conklin Mfg. Co., supra).*

We have examined Cologne's remaining contentions and find them to be without merit. O'Brien, J. P., Joy, Goldstein and Florio, JJ., concur.