■ In the Matter of WAGNER ACQUISITION CORPORATION, Appellant, v ARTHUR GIOVE, SR., et al., Respondents. [673 NYS2d 455] —In an arbitration proceeding pursuant to CPLR article 75, the petitioner appeals (1) from a decision of the Supreme Court, Nassau County (Murphy, J.), dated March 25, 1997, (2) from an order of the same court, dated March 26, 1997, which denied its motion pursuant to CPLR 7502 (c) to preliminarily enjoin the respondents from transferring corporate shares and corporate assets, and dismissed the proceeding, and (3), as limited by its brief, from so much of an order of the same court, dated May 29, 1997, as, upon reargument, adhered to the original determination denying the motion for a preliminary injunction, granted the respondents' motion for a permanent stay of arbitration, and denied the petitioner's cross motion to compel arbitration.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order dated March 26, 1997, is dismissed, as that order was superseded by the order dated May 29, 1997, made upon reargument; and it is further,

Ordered that the order dated May 29, 1997, is reversed insofar as appealed from, the petitioner's motion for a preliminary injunction pursuant to CPLR 7502 (c) is granted, the respondents' motion for a permanent stay of arbitration is denied, the petitioner's cross motion to compel arbitration is granted, and the order dated March 26, 1997, is vacated; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The petitioner correctly argues that the Supreme Court's concern should have merely been whether the parties made a valid agreement to arbitrate and not whether the contract as a whole was unenforceable (*see, Information Sciences v Mohawk*

*Data Science Corp.*, 43 NY2d 918; *Matter of Prinze [Jonas]*, 38 NY2d 570; *Brown v Bussey*, 245 AD2d 255; *Matter of Jeffries v Ross*, 238 AD2d 288; *Matter of Fener Realty Co. [Nico Constr. Co.]*, 182 AD2d 436; *Stoianoff v New Am. Lib.*, 148 AD2d 600). Here, we are satisfied that the parties did make such an agreement (*see, Matter of Jeffries v Ross, supra*). Moreover, the Supreme Court should have granted the appellant a preliminary injunction pursuant to CPLR 7502 (c) (*see, Matter of Guarini [Severini]*, 233 AD2d 196). O'Brien, J. P., Santucci, Altman and Friedmann, JJ., concur.