■ In the Matter of GREGORY HASHO et al., Appellants, v FORENSIC CPA, P.C., Respondent. [738 NYS2d 375] —In a proceeding, inter alia, to permanently stay arbitration pursuant to CPLR 7503 (b), the petitioner appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), entered October 20, 2000, which denied the petition.

Ordered that the order is affirmed, with costs.

On January 25, 1996, the petitioners, Gregory Hasho and Continental Broker-Dealer Corp. (hereinafter Continental), executed retainer agreements with the respondent, Forensic CPA, P.C. (hereinafter Forensic), pursuant to which Forensic was to provide accounting services in connection with a tax investigation by the Internal Revenue Service. Each of the agreements contained a broad arbitration clause requiring arbitration of "any controversy or claim arising out of this agreement."

Hasho and Forensic subsequently entered into a modification agreement, dated June 4, 1997, regarding amounts owed for services performed. Pursuant to the modification agreement, Hasho was to execute a confession of judgment in the amount of $400,000, a sum concededly owed to Forensic. The agree-

ment also provided the terms of payment for additional money owed. The judgment was subsequently entered and, thereafter, Forensic sought to enforce it by commencing a turnover proceeding. Hasho then commenced an action seeking to vacate the confession of judgment and Forensic moved to compel arbitration. As a result, the parties entered into two stipulations which, among other things, required Hasho to commence an arbitration proceeding by a date certain. When he failed to do so, Forensic renewed its application for a turnover order, which was granted by the Supreme Court. Hasho appealed from the order and this Court affirmed (*see, Forensic CPA, P.C. v Hasho,* 260 AD2d 427). A satisfaction of judgment was subsequently filed.

While the above appeal was pending, Continental commenced an action to, in effect, contest the confession of judgment. Forensic informed Continental that it should proceed to arbitration. When Continental failed to do so, Forensic moved to, among other things, dismiss the complaint for lack of standing. The Supreme Court granted the motion, and this Court affirmed (*see, Continental Broker-Dealer Corp. v Deutsch,* 268 AD2d 498).

Six months later Forensic served a demand for arbitration on the petitioners seeking additional money owed under the retainer and modification agreements. The petitioners then instituted this proceeding, inter alia, to permanently stay arbitration.

Contrary to the petitioners' contention, Forensic did not waive its right to arbitration. Forensic's limited participation in judicial proceedings did not manifest its acceptance of the court as the proper forum for adjudication of its present claims. Rather, Forensic's actions were consistent with the assertion of its right to arbitration (*see, Two Cent. Tower Food v Pelligrino,* 212 AD2d 441; *Stoianoff v New Am. Lib.,* 148 AD2d 600; *cf., DeSapio v Kohlmeyer,* 35 NY2d 402).

The petitioners' contention that a provision of the modification agreement is illegal does not affect the validity of the arbitration clauses in the retainer agreements. Consequently, the issue of the alleged illegality is a matter for arbitration (*see, Matter of Weinrott [Carp],* 32 NY2d 190; *Stoianoff v New Am. Lib., supra*). The petitioners' remaining contention regarding Forensic's failure to turn over certain records and files is also a matter for arbitration. Santucci, J.P., Altman, Florio and Goldstein, JJ., concur.