■ STELLMACK AIR CONDITIONING & REFRIGERATION CORPORATION, Appellant, v CONTRACTORS MANAGEMENT SYSTEMS OF NH, INC., Respondent. [740 NYS2d 535] —Peters, J.P. Appeal from an order of the Supreme Court (Rumsey, J.), entered June 29, 2001 in Broome County, which, inter alia, granted defendant's motion to stay the action pending submission of the dispute to arbitration.

In October 1998, plaintiff, a New York corporation, ordered a computer software program from defendant, a New Hampshire corporation, for commercial use. After receiving training on the use of the program, plaintiff consummated its purchase in January 1999 by executing a licensing agreement. As here relevant, the agreement included the following limited liability provision: "In no event, whether based in contract or tort (including negligence) shall [defendant] be liable for incidental, consequential, indirect, special or punitive damages of any kind, or for loss of revenue, loss of business, or other financial loss arising out of or in connection with the sale, installation, maintenance, use, performance, failure, or interruption of the software * * *." The agreement also included a general merger provision and further provided, inter alia, that "[a]ny dispute concerning this Agreement shall be resolved at the request of either party through binding arbitration."

Plaintiff alleges that upon using the software, it promptly discovered that numerous functions purported to be operational were seriously flawed or not yet integrated as a working function. In January 2000, plaintiff commenced this action alleging breach of contract, negligent misrepresentation, intentional misrepresentation and fraud. After securing a default judgment against defendant, subsequently vacated in November 2000, plaintiff served an amended complaint, this time limiting allegations to fraud, negligent misrepresentation and intentional misrepresentation. Defendant moved to dismiss the complaint or, in the alternative, to stay the action pending arbitration in accordance with the terms of the licensing agreement. Supreme Court granted defendant the alternative relief requested, thus prompting this appeal by plaintiff.

The gravamen of plaintiff's contention is that by pursuing a scheme to defraud, such fraud permeated the entire agreement, thus rendering invalid not only the arbitration provision, but all other remaining contractual provisions. As this licensing agreement involves a transaction in interstate com-

merce, we review the arbitration clause in accordance with the Federal Arbitration Act (*see, Prima Paint Corp. v Flood & Conklin Mfg. Co.*, 388 US 395, 401; *Singer v Jefferies & Co.*, 78 NY2d 76, 81; *see also*, 9 USC § 2). Under both federal and New York law, it is settled that unless it can be established that there was a "grand scheme" to defraud which permeated the entire agreement, including the arbitration provision (*see, Prima Paint Corp. v Flood & Conklin Mfg. Co., supra* at 403-404; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307-308; *Cologne Reins. Co. of Am. v Southern Underwriters*, 218 AD2d 680, 681), a broadly worded arbitration provision will be deemed separate from the substantive contractual provisions and the agreement to arbitrate may be valid despite the underlying allegation of fraud (*see, Prima Paint Corp. v Flood & Conklin Mfg. Co., supra* at 402; *GAF Corp. v Werner*, 66 NY2d 97, 102, *cert denied* 475 US 1083; *Matter of Silverman [Benmor Coats], supra* at 307; *Matter of Weinrott [Carp]*, 32 NY2d 190).

In our view, because plaintiff's "bare conclusory assertions * * * [were] insufficient to demonstrate that 'the alleged fraud was part of a grand scheme that permeated the entire contract including the arbitration provision' " (*Cologne Reins. Co. of Am. v Southern Underwriters, supra* at 681, quoting *Matter of Weinrott [Carp], supra* at 197), Supreme Court properly determined that the question of whether there was fraud in the inducement of the contract must be submitted to the arbitrator (*see, Matter of Silverman [Benmor Coats], supra* at 308; *Information Sciences v Mohawk Data Science Corp.*, 43 NY2d 918, 920; *Matter of Weinrott [Carp], supra* at 198-199; *Cologne Reins. Co. of Am. v Southern Underwriters, supra* at 681). Supreme Court, therefore, properly granted the motion to stay the action pending arbitration (*see*, CPLR 7503).

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.