■ GOD'S BATTALION OF PRAYER PENTECOSTAL CHURCH, INC., Appellant, v MIELE ASSOCIATES, LLP, Respondent. [781 NYS2d 785]—

In an action to recover damages for professional malpractice and breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated September 13, 2002, which, upon reargument, granted the defendant's motion to permanently stay the action based upon the parties' agreement to arbitrate and directed that the matter proceed to arbitration.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action, inter alia, to recover damages for breach of a May 1995 contract involving a church construction and renovation project. The defendant forwarded to the plaintiff a copy of an agreement which included a broad arbitration clause. However, the plaintiff retained the agreement and failed to sign it.

Although the defendant acknowledged that the agreement was unsigned, it moved to permanently stay the action, maintaining that the arbitration clause was enforceable since the parties operated under the terms of the agreement and that the action was predicated upon the agreement.

The Supreme Court initially denied the defendant's motion to permanently stay the action. However, the Supreme Court granted the defendant's subsequent motion for leave to reargue and, upon reargument, granted the defendant's motion to permanently stay the action and directed that the matter proceed to arbitration.

It is well settled that a party may not be compelled to arbitrate a dispute unless there is evidence which affirmatively establishes that the parties clearly, explicitly, and unequivocally agreed to arbitrate the dispute (*see Matter of Waldron*, 61 NY2d 181, 183 [1984]; *Matter of Zilberberg & Assoc. v Rosner*, 292 AD2d 533 [2002]).

Contrary to the plaintiff's contention, the arbitration clause was enforceable. The plaintiff's sole argument in opposition to the defendant's motion to stay the action was that the parties did not agree to arbitrate since the agreement was never signed. The plaintiff did not refute the defendant's claim that the parties operated under the terms of the agreement. Moreover, the action was predicated upon the agreement containing the broad arbitration clause, since the plaintiff alleged in its complaint, inter alia, that it "performed all of the terms, covenants and conditions of the agreement on its part to be performed."

Since the evidence demonstrated that the parties operated under the terms of the agreement containing the broad arbitration clause, and the action was predicated upon the agreement containing the broad arbitration clause, the clause was enforceable despite the fact that it was unsigned (*see Matter of Chapnick v Cohen*, 203 AD2d 362 [1994]), and, upon reargument, the Supreme Court properly granted the defendant's motion to permanently stay the action. Florio, J.P., Crane, Cozier and Rivera, JJ., concur.