RIVERSIDE CAPITAL ADVISORS, INC., Appellant, v WINCHESTER GLOBAL TRUST COMPANY LIMITED et al., Respondents, et al., Defendants. [800 NYS2d 754]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered May 20, 2003, as, upon renewal and reargument, granted the defendants' motion to dismiss the complaint in its entirety pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 1, 1997, the plaintiff and the defendants entered into an investment management agreement in which the plaintiff would act as an investment advisor for the defendants. On August 15, 2001, the parties entered into a severance agreement effective June 23, 2001, terminating the investment management agreement. The plaintiff's sole shareholder at that time negotiated the severance agreement with the defendants. The plaintiff issued a release contemporaneously with the severance agreement, which stated that the plaintiff released the defendants from, inter alia, all actions, accounts, controversies, or judgments which the plaintiff ever had or may ever have

against them. An arbitration clause in the severance agreement stated that "any controversy or claim arising out of or in relation to this Agreement or the breach thereof will, to the fullest extent permitted by law, be settled by arbitration." On September 16, 2002, the plaintiff commenced this action against the defendants seeking damages for the defendants' breach of contract concerning services rendered while it was their investment advisor, a judicial declaration that the severance agreement is void since it was executed for fraudulent purposes, an order of replevin returning property and damages for conversion, and an accounting. On November 15, 2002, the defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).

By order dated January 13, 2003, the Supreme Court denied in part and granted in part the motion to dismiss. The court found that the severance agreement must be more closely scrutinized to evaluate whether the plaintiff's allegation of fraud could be sustained. The court stayed determination of the first and fourth causes of action pending the resolution of that issue, since those claims did not arise from the severance agreement but from the investment management agreement, which the court determined was subject to arbitration. The court ordered that "the parties should proceed to arbitration on the first and fourth causes of action in the event that the severance agreement is found to be a nullity." The plaintiff moved for leave to renew and reargue so much of the motion as sought to stay litigation of the first and fourth causes of action and direct the parties to proceed to arbitration on those causes of action in the event that the severance agreement is voided. On March 21, 2003 the plaintiff filed an amended complaint alleging two additional causes of action relating to a prior action involving the parties. By order entered May 20, 2003, the Supreme Court granted the plaintiff's motion for renewal and reargument, and upon renewal and reargument stated that "the case is dismissed as all claims in the complaint are arbitrable and the parties must proceed to arbitration." The court found that the broad arbitration clause of the severance agreement settled the terms of the investment management agreement and that all of the plaintiff's claims in the complaint were therefore subject to the arbitration clause.

"It is well settled that a party may not be compelled to arbitrate a dispute unless there is evidence which affirmatively establishes that the parties clearly, explicitly, and unequivocally agreed to arbitrate the dispute" (*God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 10 AD3d 671, 672

[2004]). The plain language of the severance agreement, which incorporates a release agreement discharging the defendants from, inter alia, all actions, accounts, controversies, or judgments concerning the plaintiff, establishes that all of the plaintiff's causes of action are governed by the severance agreement and therefore covered by the broad arbitration clause.

"Under both federal and New York law, it is settled that unless it can be established that there was a grand scheme to defraud which permeated the entire agreement, including the arbitration provision . . . , a broadly worded arbitration provision will be deemed separate from the substantive contractual provisions and the agreement to arbitrate may be valid despite the underlying allegation of fraud" (*Stellmack A.C. & Refrig. Corp. v Contractors Mgt. Sys. of NH*, 293 AD2d 956, 957 [2002]; *see also Cologne Reins. Co. of Am. v Southern Underwriters*, 218 AD2d 680 [1995]). The plaintiff did not demonstrate that the severance agreement, negotiated on its behalf by its former principal shareholder, was formed with the intent to defraud it.

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Cozier, Santucci and Lifson, JJ., concur.