■ ALLAN FEIN et al., Appellants, v GENERAL ELECTRIC COMPANY, Defendant, and WHIRLPOOL CORPORATION, Respondent. [835 NYS2d 736]—

In an action to recover the proceeds of an insurance policy paid by the plaintiffs' insurer, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated January 23, 2006, which granted the motion of the defendant Whirlpool Corporation pursuant to CPLR 7503 (a) to compel arbitration and to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs' home was damaged by a fire that allegedly began in their refrigerator, which was manufactured by the defendant Whirlpool Corporation (hereinafter Whirlpool). The plaintiffs filed a claim with their property insurer, State Farm Fire and Casualty Company (hereinafter State Farm), which paid the plaintiffs' insurance claim. State Farm had entered into a dispute resolution agreement (hereinafter the agreement) with Whirlpool, which provided for the arbitration of subrogation claims arising out of products manufactured by Whirlpool, but did not apply if the subrogation claim involved additional "alleged active tortfeasors." Pursuant to the agreement, State Farm demanded arbitration by letter dated July 22, 2002. During the course of discovery, State Farm's expert concluded that the fire most likely was caused by a defective refrigerator

thermostat that had been manufactured by General Electric Company (hereinafter GE). Accordingly, this action was commenced against both Whirlpool and GE. The arbitration proceedings were discontinued after this action was commenced. During the course of the litigation, the plaintiffs discontinued the action against GE. Whirlpool then moved pursuant to CPLR 7503 (a) to compel arbitration and to dismiss the complaint. The Supreme Court granted the motion and we affirm.

State Farm asserts that Whirlpool waived its right to arbitrate the dispute. The right to arbitrate, like any other contractual right, may be modified, waived, or abandoned (*see Sherrill v Grayco Bldrs.*, 64 NY2d 261, 272 [1985]). A determination that a party has waived the right to arbitrate requires a finding that the party engaged in litigation to such an extent as to "manifest [ ] a preference 'clearly inconsistent with [its] later claim that the parties were obligated to settle their differences by arbitration' . . . and thereby elected to litigate rather than arbitrate" (*Sherrill v Grayco Bldrs., supra* at 272, quoting *Matter of Zimmerman [Cohen]*, 236 NY 15, 19 [1923]).

The fact that Whirlpool participated in the defense of the litigation during the limited period while GE was still a defendant did not manifest a waiver of the right to arbitrate (*see Matter of Hasho v Forensic CPA*, 292 AD2d 386, 387 [2002]). Whirlpool could not have successfully asserted a right to arbitrate while GE continued as a defendant in the action. Whirlpool moved to compel arbitration shortly after GE was dismissed from the action. Under these circumstances, Whirlpool's conduct was not inconsistent with its assertion of the right to arbitrate (*see Singer v Jefferies & Co.*, 78 NY2d 76, 85-86 [1991]; *Reynolds & Reynolds Co., Automotive Sys. Div. v Goldsmith Motor Corp.*, 251 AD2d 312, 313 [1998]; *Two Cent. Tower Food v Pelligrino*, 212 AD2d 441, 442 [1995]). Accordingly, the Supreme Court properly granted the motion to compel arbitration and to dismiss the complaint.

The plaintiffs' remaining contentions are without merit. Crane, J.P., Florio, Covello and Angiolillo, JJ., concur.