The operating agreement states, “Any controversy or claim arising out of or relating to this Agreement shall be finally resolved by arbitration.” Contrary to plaintiffs claim, defendants did not waive the right to arbitrate by merely serving an answer and opposing plaintiffs motion (see e.g. Stark v Molod Spitz DeSantis & Stark, P.C., 9 NY3d 59, 67 [2007]; Braun Equip. Co. v Borelli Assoc., 220 AD2d 311 [1st Dept 1995]; Two Cent. Tower Food v Pelligrino, 212 AD2d 441, 442 [1st Dept 1995]).
Plaintiff does not contend that public policy precludes arbitration of whether it is the manager of the LLC; hence, at a minimum, the second cause of action should be arbitrated. The first cause of action (seeking a declaration that article 9.5 of the operating agreement is null and void) must be arbitrated because it “go[es] to the validity of the substantive provisions of [the] contract” (see Two Cent. Tower, 212 AD2d at 442). The issue whether an anti-dissolution provision in an LLC’s operating agreement violates public policy does not fall into the categories of matters that cannot be arbitrated (see generally Maross Constr. v Central N.Y. Regional Transp. Auth., 66 NY2d 341, *434 345-346 [1985]; Matter of Sprinzen [Nomberg], 46 NY2d 623, 630-631 [1979]; Merrill Lynch, Pierce, Fenner & Smith v Benjamin, 1 AD3d 39, 44 [1st Dept 2003]).
Having correctly declined to strike defendants’ arbitration-related affirmative defenses and having found that the arbitration clause in the operating agreement applies to the instant dispute, the motion court should not have discussed the merits of the dispute after declining to make the declarations sought by plaintiff (see Sprinzen, 46 NY2d at 632; Merrill Lynch, 1 AD3d at 43; CPLR 7501). Concur — Gonzalez, P.J., Sweeny, Richter, Román and Clark, JJ.