Zafar v Fast Track Leasing, LLC (2018 NY Slip Op 04774)





Zafar v Fast Track Leasing, LLC


2018 NY Slip Op 04774


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-00246
 (Index No. 6483/16)

[*1]Kamal Zafar, et al., appellants, 
v
Fast Track Leasing, LLC, et al., respondents.


Victor A. Worms, New York, NY, for appellants.
Katten Muchin Rosenman LLP, New York, NY (Jason C. Vigna, Matthew D. Parrott, and Margaret J. McQuade of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiffs appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered November 17, 2016. The order granted the defendants' motion pursuant to the Federal Arbitration Act (9 USC § 1 et seq.) and CPLR 7503 to compel arbitration and to stay all proceedings in the action pending arbitration.
ORDERED that the order is affirmed, with costs.
This action arises out of a dispute involving a service agreement (hereinafter the 2014 agreement) between CityStar, LLC (hereinafter CityStar), a company formed by the plaintiffs, Kamal Zafar, Jamal Zafar, and Armughan Asar, and the defendant Fast Track Leasing, LLC (hereinafter Fast Track), a company that provides turnkey automobile leasing services to for-hire vehicle drivers. The defendants Eric Rothman and Seth P. Markowitz were principals of Fast Track. Markowitz executed the 2014 agreement on behalf of Fast Track, while Jamal Zafar and Kamal Zafar executed the agreement on behalf of CityStar. The plaintiffs alleged that they formed CityStar to enable them to enter into the 2014 agreement, which governed the commission and equity compensation that CityStar would receive from Fast Track for services provided to Fast Track by the plaintiffs through CityStar. According to the 2014 agreement, the services CityStar agreed to provide included having the plaintiffs promote and market Fast Track's services to for-hire vehicle drivers.
The 2014 agreement contained a broad arbitration provision which, in relevant part, mandated that "any dispute, controversy or claim arising out of or relating to [the 2014 agreement] shall be settled promptly by arbitration." The 2014 agreement also included a provision whereby CityStar acknowledged that the agreement was executed "voluntarily and without any duress or undue influence," and that CityStar understood the terms, consequences, and binding effect of the 2014 agreement. In addition, at the behest of Fast Track, the 2014 agreement contained a moral turpitude clause which provided that Fast Track could immediately terminate the 2014 agreement via certain notice provisions, without a right to cure by CityStar, at any time following the time that it became aware that CityStar or any CityStar representative had committed any act or become involved in any situation or occurrence which brought Fast Track or CityStar "into public disrepute, scandal or ridicule," shocked or offended the community, or "derogate[d] from the public image."
As relevant to this appeal, Fast Track terminated the 2014 agreement pursuant to the moral turpitude clause after it learned that Jamal Zafar had been sentenced to a prison term upon his conviction of the crime of scheme to defraud in the first degree. The plaintiffs thereafter commenced this action against the defendants, alleging fraud, unjust enrichment, and breach of fiduciary duty and seeking the imposition of a constructive trust in connection with the 2014 agreement. The defendants then moved pursuant to the Federal Arbitration Act (9 USC § 1 et seq.) and CPLR 7503(a) to compel the plaintiffs to arbitrate the dispute pursuant to the arbitration provision of the 2014 agreement and to stay the court proceedings pending arbitration. The Supreme Court granted the defendants' motion in an order entered November 17, 2016, and the plaintiffs appeal.
A party may not be compelled to arbitrate a dispute unless there is evidence which affirmatively establishes that the parties clearly, explicitly, and unequivocally agreed to arbitrate the dispute (see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 10 AD3d 671, 672, affd 6 NY3d 371). Under both federal and New York law, unless it can be established that there was a grand scheme to defraud which permeated the entire agreement, including the arbitration provision, a broadly worded arbitration provision will be deemed separate from the substantive contractual provisions, and the agreement to arbitrate may be valid despite the underlying allegation of fraud (see Riverside Capital Advisors, Inc. v Winchester Global Trust Co. Ltd., 21 AD3d 887, 889; Stellmack A.C. & Refrig. Corp. v Contractors Mgt. Sys. of NH, 293 AD2d 956, 957; see also Cologne Reins. Co. of Am. v Southern Underwriters, 218 AD2d 680).
The broad arbitration clause in the 2014 agreement, together with the other provisions of the 2014 agreement, demonstrate that the plaintiffs explicitly and unequivocally agreed to arbitrate the matters that are the subject of this action. In addition, the plaintiffs' bare conclusory assertions of fraud failed to establish that any alleged fraud was part of a grand scheme that permeated the entire agreement, including the arbitration clause (see Matter of Weinrott [Carp], 32 NY2d 190, 197; Cologne Reins. Corp. of Am. v Southern Underwriters, 218 AD2d at 681).
The plaintiffs' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion to compel arbitration and to stay all proceedings in the action pending arbitration (see CPLR 7503; 9 USC §§ 1, 3).
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court