Memorandum. Order affirmed, with costs, on the memorandum at the Appellate Division, with the following added comments: Appellant Praetorian Realty seeks to avoid arbitration on the ground that the agreement provides that only certain of its clauses are to survive the delivery of title and, further, that the claims asserted by respondent Presidential Towers fall within those clauses which did not survive the delivery of title. This argument raises an issue addressed to the merits of those claims, and is therefore within the province of the arbitrator. The arbitration clause is concededly broad, encompassing "Any and all disputes of whatsoever kind and nature arising out of * * * this agreement”, and the parties specifically agreed that the arbitration clause would survive the delivery of title. Once the courts have performed the "initial screening process”, determining that the parties have agreed to arbitrate the subject matter in dispute, their role has ended and they may not proceed to decide whether particular claims are tenable (see Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Amer, 37 NY2d 91, 96). Thus, appellant’s contention, that respondent’s claims are barred by the merger doctrine in real property law and by certain provisions of the agreement, is properly for the consideration of the arbitrator and not the courts.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.