■ JOSEPH SCHIERINBECK et al., Appellants, v RICHARD J. SGARLATO, Respondent. (And Another Action.)—In two consolidated actions, *inter alia,* to recover damages for breach of contract and to foreclose a mechanic's lien, the appeal is from stated portions of an order of the Supreme Court, Richmond County (Cusick, J.), dated March 8, 1988, which, *inter alia,* granted that branch of the respondent's motion which was to require the appellants to post a bond to indemnify the respondent in the event he is successful on his counterclaim and, if the appellants fail to post said bond, to discharge the mechanic's lien filed by them.

Ordered that pursuant to the stipulation of the parties, the order is reversed insofar as appealed from, and the respondent's motion is denied in its entirety, without costs or disbursements. Mangano, J. P., Brown, Lawrence, Kooper and Harwood, JJ., concur.

■ CLAIRE D. STADIER, Respondent, v SCOTT T. FINDLEY et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Hand, J.), dated February 16, 1988, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Contrary to the plaintiff's contentions, her deposition testimony to the effect that she suffers intermittent pain in the shoulder and neck as a result of the accident, in conjunction with a previous medical diagnosis of "cervical radiculitis", is insufficient to establish a prima facie case of serious injury which requires a showing that she suffered permanent consequential limitation of use of a body organ or member *(see,* Insurance Law § 5102 [d]; *Scheer v Koubek,* 70 NY2d 678; *Popp v Kremer,* 124 AD2d 720; *cf., Mooney v Ovitt,* 100 AD2d 702). Thus, the defendants are entitled to summary judgment dismissing the complaint. Brown, J. P., Eiber, Kooper and Balletta, JJ., concur.