■ THERESA TRINGALI, an Infant, by Her Mother and Natural Guardian, PEARL TRINGALI, et al., Appellants, v COUNTY OF SUFFOLK et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered February 29, 1988, which, at the close of the plaintiffs' and defendants' case, granted the defendants' motion to dismiss the complaint for failure to establish a prima facie case of "serious injury" within the meaning of Insurance Law § 5102 (d).

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Theresa Tringali testified at trial that she had lost one week of school following the motor vehicle accident, and that she experienced pain in her knees once or twice a day in the course of her full-time job on her feet as a drug store cashier. X rays revealed no abnormal findings, and Tringali's physician admitted that his client could engage in any activity, including skiing, after conditioning exercises. In view of the absence of any objective evidence of serious injury, coupled with the facts that Tringali's pain is not persistent but intermittent, and that she enjoys a full range of motion and activity, the court properly dismissed her complaint for failure to establish a prima facie case of "serious injury" as statutorily defined (see, Licari v Elliott, 57 NY2d 230, 237). Tringali's intermittent complaints of pain, without more, will not suffice to satisfy the standards for a "serious injury" under the No-Fault Insurance Law (see, Scheer v Koubek, 70 NY2d 678; Stadier v Findley, 148 AD2d 600). Thompson, J. P., Brown, Balletta, Miller and O'Brien, JJ., concur.