OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the order of Supreme Court reinstated.
 

 Appellant, Christa Construction, Inc., entered into a contract with respondent Board of Education to perform extensive school improvements. The contract, amended by numerous change orders, has been substantially performed and appellant seeks arbitration of disputed claims concerning contract balance, change orders and extras. The School District resists arbitration on public policy grounds, citing Education Law § 1718 (1). It claims that the contract is void because the Board’s agreement with respect to the change orders, if enforced through an arbitration, would result in an expenditure by the Board in excess of amounts lawfully appropriated.
 

 Supreme Court denied the Board’s motion for a stay and ordered arbitration, but the Appellate Division reversed and stayed arbitration. We granted leave to appeal and reverse to reinstate the order of Supreme Court.
 

 This Court has repeatedly held that arbitration is a favored method of dispute resolution in New York
 
 (Matter of Weinrott [Carp],
 
 32 NY2d 190, 199;
 
 see also, Sablosky v Gordon Co.,
 
 73 NY2d 133, 138), and "New York courts interfere 'as little as possible with the freedom of consenting parties’ to submit disputes to arbitration”
 
 (Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.,
 
 78 NY2d 88, 93).
 

 While arbitration may be challenged on public policy grounds
 
 (Hirsch v Hirsch,
 
 37 NY2d 312, 315), that is a limited
 
 *1033
 
 exception. The instant case does not qualify for the application of the exception
 
 (Matter of Port Wash. Union Free School Dist. v Port Wash. Teachers Assn.,
 
 45 NY2d 411, 418;
 
 see also, Matter of Board of Educ. v New York State Pub. Empl. Relations Bd.,
 
 75 NY2d 660).
 

 Acting Chief Judge Simons and Judges Kaye, Titone, Bellacosa and Smith concur in memorandum; Judge Hancock, Jr., taking no part.
 

 Order reversed, etc.