■ DAWN M. BROWN, Appellant, v RICHARD BUSSEY et al., Respondents. [666 NYS2d 15] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered November 27, 1996, which granted the defendants' cross motion for summary judgment and denied the plaintiff's motion to compel arbitration as moot.

Ordered that the order is reversed, on the law, with costs, and matter remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith.

On a motion to compel or stay arbitration, the court must determine, in the first instance, whether the parties made a valid agreement to arbitrate (*see, Sisters of St. John the Baptist v Geraghty Constructor,* 67 NY2d 997, 998; *see also, Matter of Smith Barney, Harris Upham & Co. v Luckie,* 85 NY2d 193, 201-202). "Once it is determined that the parties have agreed

to arbitrate the subject matter in dispute, the court's role has ended and it may not address the merits of the particular claims (*see, Matter of Praetorian Realty Corp. [Presidential Towers Residence],* 40 NY2d 897, 898; *Matter of Prinze [Jonas],* 38 NY2d 570, 577; *Stadier v Findley,* 148 AD2d 600)" (*Dazco Heating & Air Conditioning Corp. v C.B.C. Indus.,* 225 AD2d 578). When a substantial question is raised as to whether a valid agreement was made or complied with "the court shall direct the parties to arbitrate. Where any such question is raised, it shall be tried forthwith in said court" (CPLR 7503 [a]).

Here, the court should have first determined whether a valid arbitration agreement existed. If it concluded that no such agreement existed, only then should it have considered the cross motion for summary judgment. Accordingly, the order appealed from is reversed, and the matter is remitted to the Supreme Court, Dutchess County, for a determination as to whether the parties had made a valid arbitration agreement. We note that we have not considered the merits of the defendants' cross motion for summary judgment. Rosenblatt, J. P., Miller, Copertino and Goldstein, JJ., concur.