■ Eric Riebling Co., Inc., Respondent, v Martin Woodworking Machines Corp., Appellant, et al., Defendant. [742 NYS2d 559] —In an action, inter alia, to recover damages for breach of contract, the defendant Martin Woodworking Machines Corp. appeals from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered June 29, 2001, as granted its motion to stay the action insofar as asserted against it on condition that it or the plaintiff commence an arbitration proceeding within 20 days of the date of entry of the order.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the action insofar as asserted against the defendant Martin Woodworking Machines Corp. is stayed unconditionally.

The defendant Martin Woodworking Machines, Inc. (herein-

after Martin), and the plaintiff, Eric Riebling Co., Inc. (hereinafter Riebling), entered into a contract for Riebling to distribute machines manufactured by Martin. The contract contained an arbitration clause providing for the resolution of any disputes arising from the contract through arbitration.

Generally, it is for the court to make the initial determination as to whether a dispute is arbitrable (*see Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, 37 NY2d 91, 95). However, once the court has performed this initial screening process, and determined that the parties agreed to arbitrate, its role ends (*see Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constr.*, 67 NY2d 997, 998; *Matter of Praetorian Realty Corp.*, 40 NY2d 897, 898; *Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co. of Am.*, *supra*). It was error, therefore, for the Supreme Court to condition the stay of Riebling's action against Martin upon commencement of arbitration, by either party. Altman, J.P., Feuerstein, Friedmann, Schmidt and Townes, JJ., concur.