■ RAD Ventures Corp., Respondent, v Daniel L. Gotthilf et al., Appellants. [773 NYS2d 890]—

In an action, inter alia, to recover damages for breach of contract and fraud, the defendant Daniel L. Gotthilf appeals, and the defendants I. Kovac Consulting, Inc., Ivan R. Kovac, and Laurel Stadtmauer separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, West-

chester County (Murphy, J.), dated May 23, 2003, as denied their separate motions to compel arbitration of the claims brought against the defendant I. Kovac Consulting, Inc., and to stay prosecution of the action.

Ordered that the order is reversed insofar as appealed from, on the law, the motions are granted, and the parties are directed to proceed to arbitration; and it is further,

Ordered that pending a determination in the arbitration, the prosecution of the action is stayed; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The plaintiff entered into a written agreement to purchase a customer list from the defendant I. Kovac Consulting, Inc. (hereinafter Kovac Consulting). The agreement contained a broad arbitration clause. When a dispute over the agreement arose, the plaintiff commenced the instant action against Kovac Consulting, as well as the defendants Ivan R. Kovac and Laurel Stadtmauer, who were its directors, and Daniel L. Gotthilf, who was Kovac's accountant.

The defendants separately moved to compel arbitration of the claims against Kovac Consulting in accordance with the arbitration clause of the agreement. The court denied the motions, finding that the claims against the individual defendants, who were not parties to the arbitration agreement, were "inextricably intertwined" with the claims against Kovac Consulting and that all the claims should be resolved in the litigation. We disagree.

The claims against the individual defendants are derivative and secondary to the claims against Kovac Consulting which arise from the alleged breach of the agreement. The litigation of these claims may be rendered academic and unnecessary after the claims against Kovac Consulting are arbitrated because the arbitrators' determination may dispose of the nonarbitrable issues as well (see Cohen v Ark Asset Holdings, 268 AD2d 285 [2000]; Edwards v Bergner, 22 AD2d 808 [1964]; Dot's Blvd. Corp. v Rosenfeld, 285 App Div 425 [1955]). Accordingly, the court should have granted the defendants' separate motions to compel the plaintiff to arbitrate its claims against Kovac Consulting and should have stayed prosecution of this action pending the completion of the arbitration. Florio, J.P., H. Miller, Schmidt and Crane, JJ., concur.