■ GULF UNDERWRITERS INSURANCE COMPANY, Appellant, v VERIZON COMMUNICATIONS, INC., Respondent. [822 NYS2d 8]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered November 30, 2005, which granted defendant's motion to compel arbitration and stay the instant proceedings for 60 days, unanimously reversed, on the law, without costs, and defendant's motion denied.

After settling two intellectual property claims with its primary carrier, nonparty American International Specialty Lines Insurance Company, Verizon sought excess coverage from plaintiff, which disclaimed and commenced the instant proceeding for a declaratory judgment of noncoverage. Verizon moved to compel arbitration pursuant to the arbitration clause in the primary carrier's policy, by which plaintiff is bound by operation of its excess coverage policy.

Although the IAS court agreed that Verizon's agreement with the primary carrier only required arbitration of claims by the insured against the insurer, the court nevertheless determined that plaintiff excess insurer's declaratory judgment action is, in reality, a coverage dispute, and therefore "clearly arbitrable pursuant to the policies." We disagree and reverse.

A party cannot be forced to an arbitration to which it has not agreed, and any arbitration agreement must reflect a clear and unequivocal manifestation of an intention to arbitrate (see Mionis v Bank Julius Baer & Co., 301 AD2d 104, 109 [2002]). The arbitration clause in this case is unambiguous in providing that "[n]o action shall lie against [the insurer] unless as a condition precedent" the matter is first submitted to arbitration. Since Verizon is not the insurer, there is no arbitration requirement which conditions plaintiff's ability to seek judicial review. Had Verizon desired to require arbitration of claims by the insurers, it could have bargained for an arbitration clause in its contracts with the primary or excess insurers. It did not, and the IAS court was not free to rewrite the limited arbitration clause. We have reviewed the other arguments raised by Verizon and find them to be without merit. Concur—Buckley, P.J., Saxe, Friedman, Williams and Malone, JJ.