■ In the Matter of NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., on Behalf of Itself and the Related Insurers that Provided Coverage, Respondent, v ST. BARNABAS COMMUNITY ENTERPRISES, INC., et al., Appellants. [851 NYS2d 473]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered September 27, 2007, which granted the petition compelling respondent St. Barnabas to arbitrate, and denied the latter's cross motion to dismiss, unanimously modified, on the law, the arbitration of claims arising out of the policy for the period 2000 through 2001 stayed, and otherwise affirmed, without costs.

At issue is the arbitrability of a dispute between petitioner and its insured concerning retrospective premiums and credits allegedly due on workers' compensation policies in effect for the coverage periods of November 7, 1995 through November 7, 1998 and November 7, 2000 through November 7, 2001.

As a threshold matter, personal jurisdiction was properly obtained over St. Barnabas via service of the petition on counsel, which was made in the time and manner specified in the show cause order (CPLR 403 [d]). Additionally, venue was properly laid in New York County, as specified in the agreements (CPLR 7502 [a] [i]).

It is undisputed that the insurance policies and agreements for the period 1995 through 1998 contained clauses providing for resolution of disputes via arbitration. The disputes arising under the agreement for the policy period of November 7, 2000 through November 7, 2001 are not arbitrable. It is well settled that a party cannot be forced to submit to arbitration in the absence of an express agreement to do so (*Matter of Waldron [Goddess]*, 61 NY2d 181, 183 [1984]; *Gulf Underwriters Ins. Co. v Verizon Communications, Inc.*, 32 AD3d 709 [2006]). The 2000-2001 policy did not contain an arbitration clause. To the contrary, it anticipated and provided for litigation. The absence of an arbitration provision, together with the 2000-2001 policy's general merger clause, which provided that "only agreements relating to this insurance are stated in this policy," mandated denial of the petition as to claims arising thereunder (*cf. Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594 [1997]).

St. Barnabas argues that the policies were procured through a fraudulent inducement scheme involving its insurance broker, and this fraud permeated the agreements. Inasmuch as St. Barnabas makes no specific allegations of being fraudulently induced into agreeing to arbitration, its claim of fraudulent inducement with regard to the 1995 through 1998 policy periods must be determined by the arbitrators (*see Buckeye Check Cashing, Inc. v Cardegna*, 546 US 440 [2006]; *Prima Paint Corp. v Flood & Conklin Mfg. Co.*, 388 US 395, 403-404 [1967]; *Matter of Weinrott [Carp]*, 32 NY2d 190, 199-200 [1973]). Accordingly, the disputes arising thereunder were properly referred to arbitration.

We have considered the remaining arguments raised by St. Barnabas and find them unavailing. Concur—Andrias, J.P., Nardelli, Williams, McGuire and Acosta, JJ.