(November 23, 2010)

■ ANDERSON STREET REALTY CORP., Respondent, v NEW ROCHELLE REVITALIZATION, LLC, Appellant, et al., Defendants. [913 NYS2d 114]—

In an action, inter alia, to recover damages for breach of contract, the defendant New Rochelle Revitalization, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered June 9, 2009, as granted those branches of the plaintiff's motion which were for leave to serve and file a second amended verified complaint adding as defendants the City of New Rochelle and Noam Bramson, as Mayor of the City of New Rochelle, and for leave to renew its opposition to the prior motion of the defendant New Rochelle Revitalization, LLC, to compel arbitration, which had been determined in an order of the same court entered December 15, 2008, and, upon renewal, in effect, vacated the prior order and thereupon denied its motion to compel arbitration.

Ordered that the order entered June 9, 2009, is modified, on

the law, by deleting the provision thereof, upon renewal, denying the defendant's motion to compel arbitration, and substituting therefor a provision adhering to the original determination, directing the plaintiff and the defendant New Rochelle Revitalization, LLC, to proceed to arbitration, and staying prosecution of the action pending a determination in the arbitration; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On June 13, 2006, the plaintiff and the defendant, New Rochelle Revitalization, LLC (hereinafter NRR), entered into an "Exchange Agreement" which contained an arbitration clause providing for arbitration of "any disagreement, deadlock, interpretation or dispute [which] shall arise under any provision of this Agreement." Pursuant to that agreement, the plaintiff agreed to sell its property to NRR: the closing was to take place once NRR secured site plan approval from the City of New Rochelle. The contract gave the plaintiff the right to select one of three options in exchange for its property, which included either sharing space in a "Loft Building" to be constructed on the site, or the payment of $5,000,000 by NRR to the plaintiff outright.

When the City failed to approve a site plan, allegedly because NRR changed the proposed site plan numerous times, the plaintiff commenced this action against NRR, contending it was acting in bad faith, and committed fraud in the inducement. NRR moved pursuant to the arbitration clause to compel arbitration, and its motion was granted in an order entered December 15, 2008.

Meanwhile, according to the plaintiff, in December 2008, the Mayor of the City informed one of the plaintiff's principals that site plan approval would not be granted unless NRR purchased and made part of the site plan certain property owned by the United States Postal Service (hereinafter USPS) and occupied by a post office. The plaintiff claims that as a result of this disclosure, it moved, inter alia, for leave to serve and file a second amended verified complaint adding the City and its Mayor, Noam Bramson, as defendants, and for leave to renew its opposition to NRR's prior motion to compel arbitration, on the ground that the dispute now involved two parties who were not signatories to the agreement to arbitrate.

In the order appealed from, the Supreme Court granted those branches of the plaintiff's motion which were for leave to serve and file a second amended verified complaint and for leave to renew and, upon renewal, denied NRR's motion to compel arbitration.

Leave to amend pleadings shall be freely given in the absence of prejudice or surprise to the opposing parties (*see* CPLR 3025 [b]; *Public Adm'r of Kings County v Hossain Constr. Corp.*, 27 AD3d 714, 716 [2006]). No prejudice or surprise is asserted in the instant case. Nor can it be said that the amendment was palpably insufficient or patently devoid of merit (*see Efstathiou v Cuzco, LLC*, 51 AD3d 712, 715 [2008]; *Lucido v Mancuso*, 49 AD3d 220, 229 [2008]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for leave to serve and file a second amended verified complaint, adding the City and its Mayor as defendants to the action.

In support of that branch of its motion which was for leave to renew, the plaintiff alleged new facts not offered on the prior motion, i.e., that the Mayor informed it that no site plan approval would issue until NRR purchased the property owned by the USPS and included it in its site plan, and that the plaintiff was seeking leave to amend its complaint to add the Mayor and the City as defendants (*see* CPLR 2221 [e] [2]).

On the question of whether the instant dispute should be submitted to arbitration, in *Matter of Weinrott (Carp)* (32 NY2d 190, 196, 199 [1973]), the Court of Appeals ruled that an arbitration clause is generally separable from substantive provisions of a contract, so that an agreement to arbitrate is valid even if the substantive provisions of the contract are induced by fraud (*id.* at 198). Thus, as a general rule, the issue of fraud in the inducement should be determined by the arbitrator, except where the arbitration clause specifically excludes fraud in the inducement from the issues to be determined by arbitration (*see GAF Corp. v Werner*, 66 NY2d 97, 105 [1985], *after remand* 115 AD3d 1021 [1986], *cert denied* 475 US 1083 [1986]; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]).

The issue of fraud in the inducement affects the validity of the arbitration clause only when the fraud relates to the arbitration provision itself, or was "part of a grand scheme that permeated the entire contract" (*Matter of Weinrott [Carp]*, 32 NY2d at 197; *see Jamaica Hosp. Med. Ctr., Inc. v Oxford Health Plans [NY], Inc.*, 58 AD3d 686 [2009]; *Riverside Capital Advisors, Inc. v Winchester Global Trust Co. Ltd.*, 21 AD3d 887 [2005]). To demonstrate that fraud permeated the entire contract, it must be established that the agreement was not the result of an arm's length negotiation (*see Nastasi v Nastasi*, 26 AD3d 32 [2005]), or the arbitration clause was inserted into the contract to accomplish a fraudulent scheme (*see Utica Mut. Ins. Co. v Gulf Ins. Co.*, 306 AD2d 877, 880 [2003]; *Oberlander v Fine Care*, 108 AD2d 798 [1985]).

Here, the arbitration clause was broad, since it applied if "any disagreement, deadlock, interpretation or dispute shall arise" under the exchange agreement—terms similar to the agreement in issue in *Matter of Weinrott (Carp)* (32 NY2d at 196). There was no evidence that the parties owed a fiduciary duty to one another, nor was there any evidence that the arbitration clause was inserted into the contract to accomplish a fraudulent scheme.

With respect to the second ground for forgoing arbitration—that the City and its Mayor are parties to the action but not signatories to the arbitration agreement—the City and its Mayor cannot be compelled to participate in the arbitration (*see Mionis v Bank Julius Baer & Co.*, 301 AD2d 104 [2002]). However, "where arbitrable and nonarbitrable claims are inextricably interwoven, the proper course is to stay judicial proceedings pending completion of the arbitration, particularly where the determination of issues in arbitration may well dispose of nonarbitrable matters" (4-24 NY Practice Guide: Business and Commercial § 24.09 [4] [Matthew Bender 2009]; *see County Glass & Metal Installers, Inc. v Pavarini McGovern, LLC*, 65 AD3d 940 [2009]; *Estate of Castellone v JP Morgan Chase Bank, N.A.*, 60 AD3d 621, 624 [2009]; *Matter of Colonial Coop. Ins. Co. [Muehlbauer]*, 46 AD3d 1012 [2007]; *RAD Ventures Corp. v Gotthilf*, 6 AD3d 415 [2004]; *Cohen v Ark Asset Holdings*, 268 AD2d 285 [2000]; *Dot's Blvd. Corp. v Rosenfeld*, 285 App Div 425 [1955]).

NRR's remaining contentions are without merit.

Accordingly, the Supreme Court, upon granting renewal, should have adhered to the original determination directing the plaintiff and NRR to proceed to arbitration, and thereupon stayed prosecution of the action pending a determination in the arbitration. Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur.