■ ESTHER WEISS, Also Known as ESTER WEISS FRIEDMAN and Another, Respondent, v ILONA NATH, Defendant/Third-Party Plaintiff-Appellant, et al., Defendants. RAFAEL WEISS, Also Known as RAFAEL DAVID WEISS, Third-Party Defendant. [949 NYS2d 81]—

The plaintiff alleges that the defendant/third-party plaintiff, Ilona Nath, along with the defendant Merrill Lynch & Co., Inc., and its employees (hereinafter the Merrill Lynch defendants), unlawfully removed funds from an account established under the Uniform Gifts to Minors Act (EPTL former 7-4.1—7-4.13; hereinafter UGMA) of which the plaintiff was the beneficiary. The Merrill Lynch defendants moved to compel arbitration of the plaintiff's claims, and for a stay of the litigation. Nath cross-moved to sever the nonarbitrable causes of action, counterclaims, and third-party causes of action asserted by her, and asserted against her by the plaintiff and the third-party defendant, from the arbitrable causes of action asserted by the plaintiff against the Merrill Lynch defendants, and to continue litigation of the nonarbitrable causes of action, counterclaims, and third-party causes of action in the instant action. In an order dated February 1, 2011, the Supreme Court denied Nath's cross motion based upon her default in appearing at the call of the mo-

tion calendar. Subsequently, Nath moved to vacate her default and to have her cross motion considered and determined on the merits. In an order dated April 27, 2011, the Supreme Court determined that all of the plaintiff's causes of action were subject to arbitration, granted the Merrill Lynch defendants' motion, and imposed a stay of litigation. Thereafter, in the order appealed from, dated October 7, 2011, the Supreme Court granted that branch of Nath's motion which was to vacate her default in appearing at the call of the motion calendar, but, on the merits, denied those branches of her prior cross motion which were to sever the nonarbitrable causes of action, counterclaims, and third-party causes of action asserted by her, and asserted against her by the plaintiff and the third-party defendant, from the arbitrable causes of action asserted by the plaintiff against the Merrill Lynch defendants, and to continue litigation of the nonarbitrable causes of action, counterclaims, and third-party causes of action in the instant action.

Nath contends that the nonarbitrable causes of action, counterclaims, and third-party causes of action asserted by her, and asserted against her by the plaintiff and the third-party defendant, Rafael Weiss, also known as Rafael David Weiss (hereinafter Rafael), should have been severed from the arbitrable causes of action asserted by the plaintiff against the Merrill Lynch defendants, and that the nonarbitrable causes of action, counterclaims, and third-party causes of action should be allowed to proceed in the instant action.

" '[W]here arbitrable and nonarbitrable claims are inextricably interwoven, the proper course is to stay judicial proceedings pending completion of the arbitration, particularly where the determination of issues in arbitration may well dispose of nonarbitrable matters' " (*Anderson St. Realty Corp. v New Rochelle Revitalization, LLC*, 78 AD3d 972, 975 [2010], quoting 4-24 NY Practice Guide: Business and Commercial § 24.09 [4]). However, courts have the power to sever arbitrable causes of action from nonarbitrable causes of action where judicial economy would not be served by their consolidation, and where there is no danger of inconsistent rulings by the arbitrator and the court, or where there is no potential that the determination of the arbitrable causes of action would dispose of or significantly limit the issues involved in the nonarbitrable causes of action (*see American Intl. Group, Inc. v Greenberg*, 60 AD3d 483, 484 [2009]; *Matter of City of Schenectady [Schenectady Patrolmen's Benevolent Assn.]*, 138 AD2d 882 [1988]).

Here, the causes of action asserted by the plaintiff against Nath, the counterclaims asserted by Nath against the plaintiff,

and certain of the third-party causes of action asserted by Nath against Rafael directly concern the creation and management of the UGMA account, and are, therefore, inextricably interwoven with the arbitrable causes of action. Thus, the nonarbitrable causes of action, counterclaims, and certain third-party causes of action asserted by the plaintiff, Nath, and Rafael which concern the UGMA account were properly stayed pending the completion of arbitration (*see County Glass & Metal Installers, Inc. v Pavarini McGovern, LLC*, 65 AD3d 940 [2009]; *Estate of Castellone v JP Morgan Chase Bank, N.A.*, 60 AD3d 621, 624 [2009]).

However, the first through ninth third-party causes of action asserted by Nath against Rafael are unrelated to any of the arbitrable claims. Since the arbitration will not dispose of or significantly limit the issues with respect to those third-party causes of action, or pose a risk of inconsistent rulings by the arbitrator and the court, the first through ninth third-party causes of action should have been severed from the arbitrable claims, and the stay of litigation should have been lifted with respect to those third-party causes of action (*see American Intl. Group, Inc. v Greenberg*, 60 AD3d at 484). Rivera, J.P., Florio, Eng and Cohen, JJ., concur.