SARA MARKOWITS et al., Appellants, v BARRY FRIEDMAN et al., Respondents, et al., Defendants. [42 NYS3d 218]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated June 16, 2014, which granted those branches of the motion of the defendants Barry Friedman, Rachel Friedman, Faigy Wertzberger, Frank Conway, and Susan D. Osterer which were for summary judgment dismissing the complaint insofar as asserted against the defendants Faigy Wertzberger and Frank Conway, and pursuant to CPLR 7503 to stay all remaining proceedings in the action and compel arbitration, and denied that branch of their motion which was for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

The defendants Barry Friedman and Rachel Friedman were the owners of Parkshore Home Health Care, LLC, doing business as Renaissance Home Health Care, and Renaissance HHA, LLC (hereinafter together the companies), which provide home care and nursing services. In March 2010, the Friedmans entered into two agreements with the plaintiff Alexander Markowits whereby they agreed to sell an interest in the companies and an option to purchase the remainder interests. In June 2011, the parties modified the agreements to provide supplemental payment terms. In connection with the modification, they executed related documents, including a promissory note from Markowits for a portion of the purchase price,

together with a confession of judgment in the same sum, and an agreement to submit to arbitration "any disputes [which should] arise between them concerning the sale . . . relating directly or indirectly to the aforementioned transaction," excepting only the filing and entering by Barry Friedman in the appropriate court of the confession of judgment. The parties executed another modification of the agreements in February 2012. Operational control of the companies was purportedly transferred to Markowits in April 2012. In June 2012, Markowits allegedly failed to make a payment due pursuant to the agreements. The Friedmans held him in default of the promissory note, accelerated the debt, and filed the confession of judgment.

Markowits, his wife, the plaintiff Sara Markowits, and the companies (hereinafter collectively the plaintiffs) thereafter commenced this action alleging, among other things, that the Friedmans breached warranties in the contracts of sale by concealing civil actions and government investigations pending against the companies, and that the Friedmans' failure to disclose these actions and investigations fraudulently induced Markowits to enter into the modification agreements. The complaint further alleged that the Friedmans violated a noncompete clause in the contracts by engaging in competing businesses and hiring employees of the companies, including the defendants Faigy Wertzberger and Frank Conway, for other health care businesses in which they had an interest. The complaint asserted causes of action against Wertzberger and Conway to recover damages for breach of their employment agreements with the companies and to enjoin them from engaging in competition with the companies.

All of the defendants except Asher Fensterheim (hereinafter collectively the defendants) moved for summary judgment dismissing the complaint insofar as asserted against Wertzberger, Conway, and Susan D. Osterer, and pursuant to CPLR 7503 to stay all remaining proceedings in the action and compel arbitration. The plaintiffs moved, inter alia, for leave to amend the complaint to add causes of action against Rabbi Moshe Milstein, who allegedly acted as an impartial mediator during the negotiation of the 2011 modification agreement, and against certain employees of the companies, related to their failure to disclose the actions and investigations to Markowits. In an order dated May 14, 2014, the Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Osterer. In an order dated June 16, 2014, the Supreme Court

granted the remaining branches of the defendants' motion and denied that branch of the plaintiffs' motion which was for leave to amend the complaint. The plaintiffs appeal from the June 16, 2014 order.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Wertzberger and Conway. Those defendants established their prima facie entitlement to judgment as a matter of law by submitting affidavits denying that they had written employment agreements with the companies. In opposition to the motion, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). While the plaintiffs submitted confidentiality agreements signed by Wertzberger, those agreements did not contain any prohibition against competition following termination of her employment with the companies (*cf. Roemer & Featherstonhaugh v Featherstonhaugh*, 274 AD2d 630, 632 [2000]). Moreover, the plaintiffs allege that the employees were hired by the Friedmans, who were already in possession of the client lists of the companies, and thus, there is no triable issue of fact as to whether the employees breached the confidentiality agreements by disclosing confidential patient lists.

In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Galanova v Safir*, 127 AD3d 686 [2015]; *Marcum, LLP v Silva*, 117 AD3d 917 [2014]). The determination to permit or deny amendment is committed to the sound discretion of the trial court (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). Here, the Supreme Court providently exercised its discretion in denying the plaintiffs leave to amend the complaint because the proposed causes of action were patently devoid of merit. To plead a cause of action to recover damages for fraudulent concealment, the plaintiff must allege, in addition to the elements of fraud, that the defendant had a duty to disclose the material information (*see Bannister v Agard*, 125 AD3d 797 [2015]; *E.B. v Liberation Publs.*, 7 AD3d 566 [2004]; *P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V.*, 301 AD2d 373, 376 [2003]). As a purported impartial mediator between the parties to the 2011 modification agreement, Rabbi Milstein did not have a fiduciary relationship with Markowits, and was under no duty to disclose the information to him (*see Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen*

*Community Synagogue*, 11 NY3d 15, 22 [2008]; *Northeast Gen. Corp. v Wellington Adv.*, 82 NY2d 158 [1993]). While the employees had duties of good faith and loyalty to their employer (*see Lamdin v Broadway Surface Adv. Corp.*, 272 NY 133 [1936]; *Qosina Corp. v C & N Packaging, Inc.*, 96 AD3d 1032 [2012]), they had no fiduciary duty of disclosure to Markowits, who had not yet assumed operational control of the companies.

The proposed cause of action alleging that the employees and Rabbi Milstein aided and abetted the Friedmans in concealing the actions and investigations against the companies is patently devoid of merit. There is no cause of action for aiding and abetting a breach of contract (*see Pomerance v McGrath*, 124 AD3d 481, 484 [2015]; *Purvi Enters., LLC v City of New York*, 62 AD3d 508, 509 [2009]). To recover for aiding and abetting fraud, the plaintiff must plead "the existence of an underlying fraud, knowledge of the fraud by the aider and abettor, and substantial assistance by the aider and abettor in the achievement of the fraud" (*Winkler v Battery Trading, Inc.*, 89 AD3d 1016, 1017 [2011]; *see Matter of Woodson*, 136 AD3d 691, 693 [2016]). "Substantial assistance" requires an affirmative act on the defendant's part (*see Baron v Galasso*, 83 AD3d 626, 629 [2011]). "[T]he mere inaction of an alleged aider and abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff" (*Monaghan v Ford Motor Co.*, 71 AD3d 848, 850 [2010], quoting *Kaufman v Cohen*, 307 AD2d 113, 126 [2003]; *see Smallberg v Raich Ende Malter & Co., LLP*, 140 AD3d 942 [2016]; *Sanford / Kissena Owners Corp. v Daral Props., LLC*, 84 AD3d 1210 [2011]). Since these proposed defendants had no fiduciary duties to Markowits, the plaintiffs cannot maintain an aiding and abetting cause of action against them based on a mere failure to disclose information (*see Baron v Galasso*, 83 AD3d at 629).

The Supreme Court properly granted that branch of the defendants' motion which was to stay all remaining proceedings in the action and compel arbitration. Arbitration is a favored method of dispute resolution in New York (*see Board of Educ. of Bloomfield Cent. School Dist. v Christa Constr.*, 80 NY2d 1031 [1992]; *Matter of Weinrott [Carp]*, 32 NY2d 190, 199 [1973]). The threshold issue of whether there is a valid agreement to arbitrate is for the courts (*see Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 598 [1997]; *Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 6-8 [1980]). Once it is determined that the parties have agreed to arbitrate the subject matter in dispute, the court's role has

ended and it may not address the merits of the particular claims (*see Matter of Praetorian Realty Corp. [Presidential Towers Residence]*, 40 NY2d 897 [1976]; *Matter of Prinze [Jonas]*, 38 NY2d 570, 577 [1976]; *Brown v Bussey*, 245 AD2d 255 [1997]).

The plaintiffs contend that the arbitration agreement is invalid because it was fraudulently induced. However, a broad arbitration provision is separable from the substantive provisions of a contract such that the agreement to arbitrate is valid even if the substantive provisions of the contract were induced by fraud (*see Matter of Weinrott [Carp]*, 32 NY2d at 197; *Riverside Capital Advisors, Inc. v Winchester Global Trust Co. Ltd.*, 21 AD3d 887, 889 [2005]). "The issue of fraud in the inducement affects the validity of the arbitration clause only when the fraud relates to the arbitration provision itself, or was 'part of a grand scheme that permeated the entire contract' " (*Anderson St. Realty Corp. v New Rochelle Revitalization, LLC*, 78 AD3d 972, 974 [2010], quoting *Matter of Weinrott [Carp]*, 32 NY2d at 197). "To demonstrate that fraud permeated the entire contract, it must be established that the agreement was not the result of an arm's length negotiation, or the arbitration clause was inserted into the contract to accomplish a fraudulent scheme" (*Anderson St. Realty Corp. v New Rochelle Revitalization, LLC*, 78 AD3d at 974 [citations omitted]; *see Ferrarella v Godt*, 131 AD3d 563, 566-567 [2015]). Contrary to the plaintiffs' contention, the arbitration agreement was not a freestanding contract which was fraudulently induced, but was one of numerous documents executed as part of the June 2011 modification agreement, which must be "read together and interpreted as forming part of one and the same transaction" (*Evans Prods. Co. v Decker*, 52 AD2d 991, 992 [1976]; *see Nau v Vulcan Rail & Constr. Co.*, 286 NY 188, 197 [1941]; *Matter of Hennel*, 133 AD3d 1120, 1121 [2015]; *Matter of Hendrick Hudson Cent. School Dist. v Falinski*, 71 AD3d 769 [2010]). Since the plaintiffs' claim of fraudulent inducement relates to the June 2011 modification agreement, with all its related documents, and not the arbitration agreement itself, the arbitration agreement is valid and the claim of fraudulent inducement is for the arbitrator (*see Matter of Weinrott [Carp]*, 32 NY2d at 197; *Ferrarella v Godt*, 131 AD3d at 566; *Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v St. Barnabas Community Enters., Inc.*, 48 AD3d 248 [2008]).

Finally, we reject the plaintiffs' contention that Barry Friedman waived his right to arbitrate by commencing an action against Markowits in Nassau County during the pendency of

this appeal (*see generally Stark v Molod Spitz DeSantis & Stark, P.C.*, 9 NY3d 59, 66 [2007]). The majority of the Nassau County action is asserted derivatively on behalf of the companies, and the only cause of action asserted by Friedman personally did not involve an arbitrable issue (*see Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 177 AD2d 695, 697 [1991]; *cf. Hart v Tri-State Consumer, Inc.*, 18 AD3d 610, 612 [2005]). Balkin, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.