Lake Harbor Advisors, LLC v Settlement Servs. Arbitration & Mediation, Inc. (2019 NY Slip Op 06073)





Lake Harbor Advisors, LLC v Settlement Servs. Arbitration & Mediation, Inc.


2019 NY Slip Op 06073


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-11229
 (Index No. 602884/18)

[*1]Lake Harbor Advisors, LLC, respondent,
v
Settlement Services Arbitration and Mediation, Inc., etc., appellant.


Ruskin Moscou Faltischek, P.C., Uniondale, NY (Mark S. Mulholland, Elizabeth S. Sy, and Andrew Greene & Associates, P.C., of counsel), for appellant.
Anthony A. Capetola, Williston Park, NY (Robert P. Johnson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered August 30, 2018. The order denied the defendant's motion pursuant to CPLR 7503(a) to compel arbitration and to stay the action pending completion of the arbitration.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion to compel arbitration and to stay the action pending completion of the arbitration is granted.
On May 17, 2016, the plaintiff entered into a consulting agreement with the defendant, pursuant to which the plaintiff agreed to provide certain consulting services to the defendant until May 16, 2019. Paragraph 4(b) of the consulting agreement, which addresses the defendant's right to terminate the plaintiff's retention for cause, ends with the following sentence: "Any dispute between the parties shall be resolved first by submitting same for mediation to AAA, and absent a resolution, then by a 3 member panel Arbitration through AAA."
The plaintiff commenced this action in March 2018, alleging that since January 17, 2018, the defendant had failed to pay the applicable consulting fee and performance bonus due to the plaintiff under the consulting agreement.
The defendant moved pursuant to CPLR 7503(a) to compel arbitration and to stay this action pending completion of the arbitration, invoking the above-quoted arbitration clause. The plaintiff opposed the motion on the grounds, inter alia, that the clause applied only to disputes relating to termination, and not to actions alleging breach of contract. Without conceding that the scope of the arbitration clause was limited to the resolution of disputes involving termination, the defendant argued that the reason the plaintiff was not paid was because it was terminated for cause. The Supreme Court denied the motion, and the defendant appeals.
At the outset, the defendant's contentions regarding the plaintiff's termination for cause were properly raised in response to allegations first made by the plaintiff in opposition to the [*2]motion to compel arbitration (see Studer v Newpointe Estates Condominium, 152 AD3d 555, 557; Citimortgage, Inc. v Espinal, 134 AD3d 876, 878).
Moreover, we need not decide whether the intended scope of the subject arbitration clause is general or limited, as it is undisputed that the clause applies, at minimum, to any dispute regarding the plaintiff's termination for cause, and "[t]he AAA rules authorize the arbitration tribunal to rule on its own jurisdiction, including objections with respect to the existence, scope or validity of the arbitration agreement" (Life Receivables Trust v Goshawk Syndicate 102 at Lloyd's, 66 AD3d 495, 495-496, affd 14 NY3d 850, 851).
"[W]here arbitrable and nonarbitrable claims are inextricably interwoven, the proper course is to stay judicial proceedings pending completion of the arbitration, particularly where the determination of issues in arbitration may well dispose of nonarbitrable matters" (Anderson St. Realty Corp. v New Rochelle Revitalization, LLC, 78 AD3d 972, 975 [internal quotation marks omitted]; see Weiss v Nath, 97 AD3d 661, 663). Even assuming, without deciding, that the only arbitrable dispute is whether the plaintiff was properly terminated for cause, judicial proceedings should be stayed until that issue is resolved, since that determination may also dispose of the plaintiff's breach of contract cause of action (see County Glass & Metal Installers, Inc. v Pavarini McGovern, LLC, 65 AD3d 940; RAD Ventures Corp. v Gotthilf, 6 AD3d 415, 416; Cohen v Ark Asset Holdings, 268 AD2d 285). Accordingly, the defendant's motion should have been granted (see Weiss v Nath, 97 AD3d at 663-664).
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court