| **Selim 730 LLC v SHVO 730 LLC** |
| 2024 NY Slip Op 34292(U) |
| December 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653193/2024 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------X

SELIM 730 LLC,

Plaintiff,

- v -

SHVO 730 LLC, MICHAEL SHVO

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653193/2024 |
| **MOTION DATE** | 07/29/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31

were read on this motion to            COMPEL ARBITRATION            .

Defendants SHVO 730 LLC and Michael Shvo (together, "Defendants") move for an

Order pursuant to CPLR 2201, 3103(a) and 7503, as well as the Federal Arbitration Act, 9

U.S.C. §§ 1-16 ("FAA"), to compel arbitration of all claims asserted in the Complaint filed by

Plaintiff Selim 730 LLC ("Plaintiff") and staying this action pending the results of such

arbitration. For the reasons set forth below, the motion is granted.

As relevant here, Plaintiff and Defendants through Seren 730 LLC ("Seren-730") jointly

invested in 730 Crown SD LLC ("Crown-730"), a real-estate project at 730 Fifth Avenue in

Manhattan (the "730 Investment"). Plaintiff's Complaint alleges that its interest in the 730

Investment was diluted, first, in 2016 by Defendants' purported failure to pay their proportionate

share of two capital calls, and then again in 2017, by Defendants' alleged failure to advise

Plaintiff of a new investor in the 730 Investment. Plaintiff further alleges that notwithstanding

these dilutions, Shvo falsely represented to Plaintiff in a May 2021 Settlement Agreement that

**653193/2024 SELIM 730 LLC vs. SHVO 730 LLC ET AL**
**Motion No. 001**

**Page 1 of 5**

1 of 5

the parties' investment vehicle, Seren-730, still owned a 10 percent interest in the 730 Investment.

Defendants have submitted documentary evidence that approximately four years after the events alleged in the Complaint, Plaintiff broadly released any and all claims relating to the 730 Investment in a May 2021 Settlement Agreement (NYSCEF 10 ["Settlement Agreement"]). Moreover, the Settlement Agreement provided for mandatory arbitration of all claims arising under and/or relating to the Settlement Agreement and waives Plaintiff's right to have such disputes tried by a court or jury. In response, Plaintiff contends that it was fraudulently induced to sign the Settlement Agreement and that therefore should not be required to arbitrate its claims.

## DISCUSSION

"[A]s a general matter, on a motion to compel or stay arbitration, a court must determine, 'in the first instance ... whether parties have agreed to submit their disputes to arbitration and, if so, whether the disputes generally come within the scope of their arbitration agreement'" (*Northeast & Cent. Contractors, Inc. v Quanto Capital, LLC*, 203 AD3d 925 [2d Dept 2022] [citations omitted]). "The threshold issue of whether there is a valid agreement to arbitrate is for the court and not the arbitrator to determine" (*id.*).

Here, Plaintiff does not dispute that the Settlement Agreement contains an agreement to arbitrate (*see* NYSCEF 21 at11). The Settlement Agreement is clear that the parties agreed to arbitrate and waived their right to have such disputes tried by a court or jury (Settlement Agreement §§ 2.c.vi, 2.c.ix). Rather, the issue is whether an arbitrator or the Court decides whether the Settlement Agreement was fraudulently induced.

It is well settled that "[w]hile there is generally a presumption that the issue of arbitrability will be determined by the courts, the arbitrator decides the issue where the parties

**653193/2024   SELIM 730 LLC vs. SHVO 730 LLC ET AL**
**Motion No.  001**

**Page 2 of 5**

[* 2]

evince a 'clear and unmistakable agreement to arbitrate arbitrability as part of their alternative dispute resolution choice'" (*Schindler v Cellco Partnership*, 200 AD3d 505, 505-06 [1st Dept 2021] [holding that "[t]he parties did, in fact, make that agreement, since the AAA rules were incorporated into the parties' arbitration provision"]).  Here, the parties incorporated the AAA rules into their arbitration clause (*see* Settlement Agreement § 2.c.ix ["Any action relating to or brought to enforce this Agreement shall be fully, finally, and exclusively resolved by binding arbitration conducted by the AAA in New York"]).  Therefore, consistent with those Rules, the parties chose to delegate the issue of arbitrability to the arbitrator.

Plaintiff's suggestion that raising the specter of fraudulent inducement is sufficient to remove this issue from the arbitrator's purview is unavailing.   "The issue of fraud in the inducement affects the validity of the arbitration clause only when the fraud relates to the arbitration provision itself, or was 'part of a grand scheme that permeated the entire contract.' To demonstrate that fraud permeated the entire contract, it must be established that the agreement was not the result of an arm's length negotiation, or the arbitration clause was inserted into the contract to accomplish a fraudulent scheme" (*Anderson St. Realty Corp. v New Rochelle Revitalization, LLC*, 78 AD3d 972, 974 [2d Dept 2010] [internal citations omitted]).  Here, Plaintiff does not plead that any alleged fraud relates to the parties' rights to litigate versus arbitrate in the event of a dispute, but instead to Seren-730's purported ownership interest in Crown730.

While Plaintiff argues that it would not have entered into the agreement if it had known the "true" facts regarding Defendants' ownership interest in the 730 Investment, this is insufficient as it does not relate to the arbitration clause itself (*see Natl. Union Fire Ins. Co. of Pittsburgh v St. Barnabas Community Enterprises, Inc.*, 48 AD3d 248, 249 [1st Dept 2008]

**653193/2024   SELIM 730 LLC vs. SHVO 730 LLC ET AL**
**Motion No.  001**

**Page 3 of 5**

3 of 5

[* 3]

[respondent "argues that the policies were procured through a fraudulent inducement scheme involving its insurance broker, and this fraud permeated the agreements. Inasmuch as [respondent] makes no specific allegations of being fraudulently induced into agreeing to arbitration, its claim of fraudulent inducement with regard to the 1995 through 1998 policy periods must be determined by the arbitrators"]; *Markowits v Friedman*, 144 AD3d 993, 997 [2d Dept 2016] ["Since the plaintiffs' claim of fraudulent inducement relates to the June 2011 modification agreement, with all its related documents, and not the arbitration agreement itself, the arbitration agreement is valid and the claim of fraudulent inducement is for the arbitrator"]; *Park v Blatt*, 80 Misc 3d 1236(A) [Sup Ct, NY County 2023] [granting motion to compel arbitration where "the alleged fraudulent inducement did not relate to the parties' rights to litigate versus arbitrate in the event of a dispute, but instead to plaintiff's compensation"]).

The cases on which Plaintiff relies involved circumstances in which there was a question as to whether the agreement was the result of "forgery or obtained through fraud in the execution" (*Kennelly v Mobius Realty Holdings LLC*, 33 AD3d 380, 381 [1st Dept 2006]), "fraudulent representations of the respondent-attorney" (*Housekeeper v Lourie*, 39 AD2d 280, 282 [1st Dept 1972]), or where the agreement was the "product of self-dealing" by defendant who signed the agreement in his capacity as officer and director of the plaintiff corporations (*332 E. 66th St., Inc. v Walker*, 59 Misc 3d 1216(A) [Sup Ct, NY County 2018]), none which are present here.

Plaintiff is, of course, free to raise its claims and defenses in the arbitration.

The Court has considered Plaintiff's remaining arguments and finds them unavailing.

Accordingly, it is

653193/2024   SELIM 730 LLC vs. SHVO 730 LLC ET AL
Motion No.  001

Page 4 of 5

**ORDERED** that Defendants' motion to compel arbitration is **GRANTED**, and this action shall be **STAYED** pending arbitration; it is further

**ORDERED** that the parties file a status update on NYSCEF within six (6) months advising the Court as to the status of the arbitration; it is further

**ORDERED** that Defendants shall serve a copy of this order upon the Trial Support Office and the Clerk of the Court, and such service upon shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website), who are directed to mark this action as stayed.

This constitutes the Decision and Order of the Court.

20241204121610JMCOHEND52AFAE07411414295CC60C103550DEC

| 12/4/2024 | | | | JOEL M. COHEN, J.S.C. | |
|-----------|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|----------------------|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

653193/2024   SELIM 730 LLC vs. SHVO 730 LLC ET AL
Motion No.  001

Page 5 of 5

[* 5]

5 of 5