■ COUNTY OF BROOME, Respondent, v DONALD S. DICKINSON, Doing Business as DONALD S. DICKINSON, A.I.A. ARCHITECT, et al., Appellants. — Appeal from that part of an order of the Supreme Court at Special Term (Zeller, J.), entered November 16, 1981 in Broome County, which denied defendant Donald S. Dickinson's motion to dismiss plaintiff's complaint as to Dickinson, and which vacated an order of said court, entered September 9, 1977, which stayed the main action against both defendants pending arbitration and which further stayed determination of defendant Dickinson's cross claim against defendant C. W. Davis Co., Inc., pending arbitration. Plaintiff contracted with defendant Dickinson for architectural and engineering services required for the construction of a skating rink. Plaintiff also entered into a contract with C. W. Davis Co., Inc. (Davis) for the refrigeration work necessary for the rink. An arbitration clause was contained in the contract with Davis. When plaintiff refused to pay Davis the final payment, Davis demanded arbitration. Prior to

arbitration, however, a negotiated agreement was reached and final payment was made in June, 1974. In December, 1976, plaintiff commenced the present action against Davis on the grounds of negligence, breach of contract and of a guarantee of workmanship, and against Dickinson on the ground of negligence. Dickinson answered and cross-claimed against Davis for indemnity while Davis, without answering, moved to stay the action on the basis of the arbitration clause contained in its contract with plaintiff. Special Term concluded that plaintiff's action against Davis was arbitrable and stayed the action against Davis on this ground. Although it was found that Dickinson's cross claim was not arbitrable, it was determined that it should be stayed pending the arbitration of plaintiff's claim against Davis. Special Term also decided that plaintiff's action against Dickinson should be stayed pending the arbitration of plaintiff's claim against Davis. An order to this effect was entered September 9, 1977. Plaintiff had not yet pursued its claim against Davis in arbitration when in June, 1980 Dickinson served a demand on plaintiff pursuant to CPLR 3216 to resume prosecution or risk dismissal. Plaintiff then filed a note of issue and subsequently agreed by stipulation with Dickinson to withdraw it. The stipulation also contained an extension of time within which plaintiff could resume prosecution. The terms of this stipulation were embodied in an order dated June 22, 1981 and this order was subsequently modified by an order dated October 1, 1981 so as to increase the time in which plaintiff was required to resume prosecution. In September, 1981, plaintiff moved to discontinue its action against Davis and to file a new note of issue against Dickinson. Dickinson, by motion and cross motion, sought dismissal of plaintiff's complaint against it on the grounds of failure to prosecute, general delay and breach of stipulation. Justice Zeller, by order entered November 16, 1981, denied plaintiff's motion to discontinue, denied both Dickinson's motion and cross motion to dismiss and vacated the order entered September 9, 1977 containing the stay. Davis and Dickinson herein appeal from that part of the November 16, 1981 order as denied the motion to dismiss and vacated the order entered September 9, 1977. The order entered September 9, 1977 did not compel arbitration but merely stayed the action "pending arbitration". Plaintiff has now elected not to pursue any claim against Davis through arbitration or legal action. It sought to pursue this election by the motion to discontinue. Accordingly, we find no reason to compel plaintiff to arbitrate its claim against Davis in order to proceed in its action against Dickinson which is nonarbitrable. By vacating this order, however, and denying plaintiff's motion to discontinue, Special Term allows plaintiff to proceed in court on a matter previously determined to be arbitrable. This, in our view, was improper (see *Matter of River Brand Rice Mills v Latrobe Brewing Co.*, 305 NY 36; *Adelphi Enterprises v Mirpa, Inc.*, 33 AD2d 1019). Rather than reinstate the order entered September 9, 1977, we are of the opinion that in the interests of judicial economy so much of the order entered November 16, 1981 as denied plaintiff's motion to discontinue should be reversed. Although no appeal was taken from that portion of the order, we conclude that the portions appealed from are inextricably intertwined with said portion so as to allow this court to pass upon it (see *Lawson v Lawson,* 79 AD2d 787; *Foley v Roche,* 68 AD2d 558). While plaintiff has concededly elected not to pursue its claim against Davis either through arbitration or court action, there still exists Dickinson's cross claim against Davis for indemnification. Dickinson should not be deprived of its right to bring such a cross claim against Davis. It should be noted in this regard, however, that plaintiff may not achieve a monetary recovery against Davis through Dickinson's cross claim since arbitration was plaintiff's exclusive remedy against Davis. Consequently, any recovery the plaintiff procures against Dickinson would have to

be reduced by the proportion found attributable to Davis. Concerning Dickinson's motion to dismiss pursuant to CPLR 3216, we are of the view that Dickinson's service of a demand pursuant to CPLR 3216 was not a defensive step but an affirmative one and thus barred by the stay (see *Marco v Sachs,* 1 AD2d 849; *Thompson v McLaughlin,* 138 App Div 711). Accordingly, the motion to dismiss pursuant to CPLR 3216 was properly denied. We have examined the remaining arguments of defendants and find them unpersuasive. Order modified, on the law and the facts, by reversing so much thereof as denied plaintiff's motion to discontinue plaintiff's action as against defendant C. W. Davis Supply Co., Inc., and said motion granted, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.