■ Pacer/Cats/CCS, as Successor to Pacer Cats Corporation, Appellant, v MovieFone, Inc., et al., Respondents. [640 NYS2d 55] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered August 22, 1995, which granted defendants' motion to stay the present action pending resolution of arbitration between them and PCC Management, Inc., unanimously affirmed, with costs.

This action, brought by the successor to Pacer Cats Corporation, seeks a declaration that the February 14, 1992 agree-

ment, setting forth the respective rights of defendants Movie-Fone, PromoFone and TTC and Pacer Cats Corporation as well as their successors in interest, is void and that the plaintiff was not a party or otherwise bound by that agreement (*see, Janmort Leasing v Econo-Car Intl.*, 475 F Supp 1282, 1292). The IAS Court properly stayed this action pending resolution of a New York arbitration since plaintiff is closely related to the signatories of the agreement containing a broad arbitration clause; since the issues raised in the Pacer/Cats/CCS litigation, involving the enforceability of the agreement, are closely related to the issues raised in the arbitration (*see, Strain & Son v Baranello & Sons*, 90 AD2d 924), and since the issues in the overall dispute between the contracting parties are "inextricably interwoven" with the claims raised by the non-signing plaintiff (*Berg v Dimson*, 151 AD2d 362, 363, *lv denied* 75 NY2d 703; *see also, Lawson Fabrics v Akzona, Inc.*, 355 F Supp 1146, 1151, *affd* 486 F2d 1394).

The IAS Court correctly determined that plaintiff lacked standing to assert that the February 1992 agreement was void as usurious, and therefore not subject to arbitration, since plaintiff is statutorily precluded by General Obligations Law § 5-521 from raising usury, either affirmatively or as a defense (*Intima-Eighteen, Inc. v Schreiber Co.*, 172 AD2d 456, 457, *lv denied* 78 NY2d 856).

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Rubin, Ross and Mazzarelli, JJ.