■ In the Matter of the Arbitration between COLONIAL COOPERATIVE INSURANCE COMPANY, Respondent, and STEPHEN MUEHLBAUER, Appellant-Respondent, and YORK CLAIM SERVICE, INC., Respondent-Appellant. [846 NYS2d 813]—

Cardona, P.J. Cross appeals from a judgment of the Supreme Court (Zwack, J.), entered February 21, 2007 in Ulster County, which, among other things, partially denied petitioners' application pursuant to CPLR 7503 to compel arbitration between the parties.

Respondent is a corporation providing claim adjusting services for, among others, insurance carriers. In 1998, respondent began providing those services to petitioner Colonial Cooperative Insurance Company (hereinafter CCIC), a cooperative insurance company that provides commercial insurance for New York businesses. In February 2004, CCIC and respondent memorialized their arrangement in a written contract that provided, among other things, "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration." Petitioner Stephen Muehlbauer, who was employed by respondent at that time, was given the task of handling incoming CCIC claims. Thereafter, in August 2006, CCIC took steps to terminate the arrangement with respondent in accordance with the terms of their agreement. During that same month, Muehlbauer resigned from respondent's employ and was appointed vice-president of claims for CCIC.

Subsequently, respondent commenced an action in New Jersey against petitioners alleging, among other things, breach of contract and tortious interference with a contract. CCIC then filed a demand for arbitration which respondent did not seek to

stay within 20 days (see CPLR 7503 [c]). Petitioners also commenced this proceeding seeking, among other things, to enjoin respondent from continuing or commencing any civil litigation against them. Supreme Court construed the application as a request to compel arbitration pursuant to CPLR 7503 (a) while seeking the incidental relief of staying the New Jersey action pending arbitration. The court granted the application to the extent of staying all outstanding claims in the New Jersey action except the tortious interference with a contract claim against Muehlbauer and directed all parties to proceed to arbitration. These cross appeals ensued.

CPLR 7503 (c) provides that an application to stay arbitration must be made within 20 days after service of a demand to arbitrate. A party that fails to make a timely stay application is precluded from challenging, among other things, the scope of an arbitration agreement (see Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264, 267 [1982]; Aetna Life & Cas. Co. v Stekardis, 34 NY2d 182, 185 [1974]). However, "where the application for a stay is made on the ground that no agreement to arbitrate exists, it may be entertained notwithstanding the fact that the stay was sought after the 20-day period had elapsed" (Matter of Matarasso [Continental Cas. Co.], 56 NY2d at 267; see Matter of Steck [State Farm Ins. Co.], 89 NY2d 1082, 1084 [1996]).

Here, respondent contends that its arbitration agreement with CCIC required it to arbitrate contract claims only and did not include any tort claims against CCIC. Although respondent characterizes this argument as challenging the existence of an agreement to arbitrate tort claims, it is more properly construed as challenging the scope of the parties' existing arbitration agreement. Consequently, the argument is barred by the untimeliness of respondent's stay application (see Matter of Steck [State Farm Ins. Co.], 89 NY2d at 1084).

With respect to Muehlbauer, respondent claims that it had no agreement to arbitrate with him at all and, indeed, Meuhlbauer does not contend that he was a signatory to the agreement between respondent and CCIC. Instead, he argues that the connection between that agreement and the claims against him should be sufficient to entitle him to arbitration. However, the Court of Appeals has held that "interrelatedness, standing alone, is not enough to subject a nonsignatory to arbitration" (TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 340 [1998]; see Mionis v Bank Julius Baer & Co., 301 AD2d 104, 111 [2002]). Accordingly, we conclude that respondent is not required to arbitrate any of its claims against Muehlbauer. Nevertheless,

because the issues in the civil case against Muehlbauer overlap the issues subject to arbitration by respondent and CCIC, we conclude that all of respondent's claims against Muehlbauer in the New Jersey action, including the claim for tortious interference with a contract, should be stayed pending the outcome of that arbitration (*see County of Broome v Dickinson*, 91 AD2d 780, 781 [1982]; *see also Cohen v Ark Asset Holdings*, 268 AD2d 285, 286 [2000]; *Pacer/Cats/CCS v MovieFone, Inc.*, 226 AD2d 127, 128 [1996]).

Next, given New York's strong public policy favoring arbitration (*see Matter of Smith Barney v Hause*, 91 NY2d 39, 49 [1997]), we do not agree with respondent's contention that Supreme Court's decision to stay the New Jersey action with respect to CCIC should be reversed on the basis of the doctrine of comity (*see Curtis, Mallet-Prevost, Colt & Mosle v Garza-Morales*, 308 AD2d 261, 265 [2003]). Furthermore, we disagree with respondent that the record before us establishes that it is entitled to relief pursuant to the doctrine of unclean hands (*see National Distillers & Chem. Corp. v Seyopp Corp.*, 17 NY2d 12, 15-16 [1966]; *Sparkling Waters Lakefront Assn., Inc. v Shaw*, 42 AD3d 801, 804 [2007]; *Tierno v Puglisi*, 279 AD2d 836, 838-839 [2001]).

The parties' remaining arguments have been examined and found to be unpersuasive.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as directed respondent to arbitrate claims against petitioner Stephen Muehlbauer and as partially denied petitioners' application to stay all claims against Muehlbauer in New Jersey; all claims are stayed; and, as so modified, affirmed.