■ E1 Entertainment U.S. LP, Appellant, v Real Talk Entertainment, Inc., et al., Respondents. [925 NYS2d 472]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered May 6, 2010, which, insofar as appealed from as limited by the briefs, dismissed the amended complaint's fraud-based claims, unanimously reversed, on the law, with costs, to reinstate the second, third, and fourth causes of action.

Defendant Derrick Johnson's alleged statement that there

were "existing deals" constitutes a statement of "then-present facts" sufficient to sustain the fraud claims (*see Success, LLC v Stonehenge Capital Co., LLC*, 81 AD3d 478, 479 [2011]).

The fraud-based claims are independent of the breach of contract claim. According to the complaint, plaintiff relinquished its contractual right to hold the reserves based on Johnson's alleged misrepresentations (*see Richmond Shop Smart, Inc. v Kenbar Dev. Ctr., LLC*, 32 AD3d 423, 424 [2006]).

Similarly, Johnson's statements of intent to perform, which were false according to the complaint—coupled with other allegations in the complaint which support the inference that there was never an intention to perform on Johnson's part—make out a cause of action for fraud (*see Graubard Mollen Dannett & Horowitz v Moskovitz*, 86 NY2d 112, 122 [1995]; *compare Abacus v Datagence, Inc.*, 66 AD3d 552 [2009]).

Supreme Court erred when it held that plaintiff could not, as a matter of law, have reasonably relied on Johnson's July 2008 statements of using the reserve monies for a business purpose, when Johnson stated, in June 2007, that he needed the money to pay his personal expenses. The fact that Johnson expressed *his true intent* to use the money for personal use in June 2007, does not, as a matter of law, mean that plaintiff could not justifiably rely on his statement (over a year later) that the money was to be used for a legitimate business purpose. Furthermore, plaintiff wrote the check to the corporate defendant, evincing its then-belief that the money was to be used for a business purpose.

The complaint pleads fraud with sufficient particularity so as to satisfy CPLR 3016 (b)'s requirement that the "circumstances constituting the wrong be stated in detail." In this regard, the complaint states who made the misrepresentation to whom, the date the misrepresentation was made, and its content (*see Selechnik v Law Off. of Howard R. Birnbach*, 82 AD3d 1077 [2011]; *Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 491-492 [2008]).

The complaint also adequately pleads that Johnson is liable for fraud in his personal capacity. "[A] corporate officer may be held personally liable for committing fraud on the corporation's behalf" (*see First Bank of Ams. v Motor Car Funding*, 257 AD2d 287, 294 [1999]). Concur—Andrias, J.P., Friedman, Sweeny, Renwick and Román, JJ.