INTL FCStone Mkts., LLC v Corrib Oil Co. Ltd. (2019 NY Slip Op 03682)





INTL FCStone Mkts., LLC v Corrib Oil Co. Ltd.


2019 NY Slip Op 03682


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Friedman, J.P., Renwick, Kapnick, Kahn, Oing, JJ.


9275 653364/16

[*1]INTL FCStone Markets, LLC formerly known as INTL Hanley, LLC, Plaintiff-Respondent,
v
Corrib Oil Company Ltd., Defendant-Appellant.


Sallah Astarita & Cox LLC, New York (Mark J. Astarita of counsel), for appellant.
DLA Piper LLP (US), New York (Marc A. Silverman of counsel), for respondent.



Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about April 9, 2018, which granted plaintiff's motion for summary judgment on its claim and dismissing the counterclaims, unanimously affirmed, with costs.
Defendant's claim that there was an investment advisory agreement between the parties is contradicted by the express terms of the ISDA (International Swaps and Derivatives Association, Inc.) master agreement, a fully integrated agreement governing the subject trades between the parties (see Matter of G.K. Las Vegas Ltd. Partnership v Boies Schiller & Flexner LLP, 96 AD3d 538, 540 [1st Dept 2012], lv denied 19 NY3d 812 [2012]). The disclaimers in the master agreement preclude a finding that
defendant relied on any "advice" from plaintiff (see Republic Natl. Bank v Hales, 75 F Supp 2d 300, 315 [SD NY 1999], affd sub nom HSBC Bank USA v Hales, 4 Fed Appx 15 [2d Cir 2001]).
Defendant also failed to raise an issue of fact as to whether plaintiff received any compensation for its alleged advisory services (see 15 USC § 80-2[b][11] [Investment Advisers Act of 1940]; 7 USC § 1a[12] [Commodity Exchange Act]).
In view of the foregoing, the counterclaims for negligence and breach of fiduciary duty, which were predicated solely on the alleged advisory agreement, were correctly dismissed (see Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825 [2016]; Castellotti v Free, 138 AD3d 198, 209 [1st Dept 2016]).
The fraud counterclaims are barred by the express terms of the ISDA master agreement, which contains directly contrary representations, and by the trade confirmations, which contain the very information as to which defendant claims to have been deceived (see JPMorgan Chase Bank, N.A. v Controladora Comercial Mexicana S.A.B. De C.V., 29 Misc 3d 1227[A], 2010 NY Slip Op 52066[U], *7-8 [Sup Ct, NY County 2010]; Negrete v Citibank, N.A., 187 F Supp 3d 454, 466 [SD NY 2016], affd ___ Fed Appx ___, 2019 WL 80773 [2d Cir, Jan. 3, 2019]).
Defendant is a sophisticated business doing millions of dollars' worth of trades. Its claim that it did not understand the trade confirmations is unavailing (see Chemical Bank v Geronimo Auto Parts Corp., 225 AD2d 461, 462 [1st Dept 1996]).
As defendant concedes, its allegation that plaintiff was acting to increase its commissions revenue fails to establish a motive from which to infer a fraudulent intent, or scienter (see Jonas v Natl. Life Ins. Co., 147 AD3d 610, 612 [1st Dept 2017]).
The allegations supporting the fraud claims also lack particularity, as, with minimal exceptions, they fail to identify who made the misrepresentations, when the misrepresentations were made, and the substance of the misrepresentations (see E1 Entertainment U.S. LP v Real Talk Entertainment, Inc., 85 AD3d 561, 562 [1st Dept 2011]).
Because the elements of a claim for fraud under the Commodity Exchange Act (CEA) are substantially similar to the elements of common-law fraud, the counterclaim for fraud under the CEA was also correctly dismissed (see Walrus Master Fund Ltd. v Citigroup Global Mkts., Inc., [*2]2009 WL 928289, *3, 2009 US Dist LEXIS 35040, *7-8 [SD NY Mar. 30, 2009]).
Because the breach of contract counterclaim is predicated on a breach of the representation that plaintiff would comply with the Investment Advisers Act of 1940 and the CEA, and the fraud and other CEA counterclaims were correctly dismissed, the breach of contract counterclaim was also correctly dismissed. Nor can plaintiff's express obligations be varied by the assertion of a claim of breach of the covenant of good faith and fair dealing (see Natl. Union Fire Ins. Co. of Pittsburgh, Pa. v Xerox Corp., 25 AD3d 309, 310 [1st Dept 2006], lv dismissed 7 NY3d 886 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK