| |
|---|
| **Reinvent Golden Ridge LLC v Kaliner** |
| 2025 NY Slip Op 31358(U) |
| April 17, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 654737/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**

*Justice*

----------------------------------------------------------------------------X

REINVENT GOLDEN RIDGE LLC,

Plaintiff,

- v -

ROBERT KALINER, JUSTIN KALINER, 105 TH LLC,107 TH LLC

Defendant.

----------------------------------------------------------------------------X

| | |
|---|---|
| PART | 11M |
| INDEX NO. | 654737/2024 |
| MOTION DATE | 11/12/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28

were read on this motion to/for _____STAY_____.

Upon the foregoing documents, defendants' motion is granted in part and denied in part.[1]

## Background

This action arises out of a dispute over a home renovation that ended up costing over two million dollars. Reinvent Golden Ridge LLC ("Plaintiff") is the owner of the real property located at 41 West 11th Street, New York, NY 10003 ("Premises"). As part of a planned renovation, non-party RoundSquare Builders, LLC ("RoundSquare") was hired to perform renovation and construction project (the "Project") at the Premises and to hold payments in escrow to be used for subcontractor work on the Project. Plaintiff alleges that Robert Kaliner and Justin Kaliner (collectively, the "Kaliners") owned or controlled RoundSquare in whole or in part, either directly or through another entity. Overall, Plaintiff paid $2,949,834.62 to RoundSquare for the Project.

### *Project Problems*

---

[1] The Court would like to thank Mingyue Deng for her assistance in this matter.

**654737/2024   REINVENT GOLDEN RIDGE LLC vs. KALINER, ROBERT ET AL**    **Page 1 of 8**
  **Motion No.  001**

1 of 8

According to Plaintiff, the Project was meant to achieve substantial completion by May 24, 2022, but by September of 2023 the Project was still not close to substantial completion. Plaintiff paid for completed work from October 2021 to September 2023 then withheld payments from Defendants because the Project was not substantially completed by the agreed upon date. Plaintiff alleges that the Kaliners, were converting and diverting Project funds from RoundSquare to two other entities they also owned, 105 TH LLC and 107 TH LLC (the "LLC Defendants", collectively with the Kaliners the "Defendants").

As a result of this alleged conversion, Plaintiff alleges that (1) only a limited amount of work had occurred, (2) the amount of work does not match with the payments already paid, (3) extensive corrective and remedial work was required due to poor work performed, (4) Plaintiff had to repay subcontractors for work that was supposed to be performed, (5) Plaintiff was forced to repurchase materials for the Project, (6) Plaintiff was billed for work that was never approved or agreed upon, and (7) the Project was abandoned.

### *Procedural Background and Arbitration*

Plaintiff first filed an arbitration claim against RoundSquare (the "Arbitration"), and then brought the underlying proceeding here against Defendants. In the arbitration proceeding, Plaintiff claimed RSB breached the contract, failed to supervise the Project, refused to correct issues on site causing substantial remedial work, overcharged for the work that was done, failed to keep required permits active, refused to release or otherwise lost materials paid for, and abandoned the Project as of October 3, 2023. Plaintiff is there seeking damages of not less than $1,800,000. In this matter, Plaintiff is seeking $350,000 plus interests from claims of (1) diversion of construction funds, (2) conversion, (3) breach of fiduciary duty, (4) fraud in the inducement, (5) unjust enrichment, and (6) declaratory judgment.

**654737/2024   REINVENT GOLDEN RIDGE LLC vs. KALINER, ROBERT ET AL**      **Page 2 of 8**
**Motion No.  001**

[* 2]

2 of 8

## Standard of Review

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340, 341 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

## Discussion

The present motion was brought by Defendants, who are seeking to stay this action pending resolution of the arbitration against RoundSquare. They have also sought dismissal of the fraud cause of action and the declaratory judgment as duplicative and for failure to state a claim and have asked the Court to reach these issues even if the Court decides to grant the arbitration stay. For the reasons that follow, the stay is granted and the motion to dismiss is granted as to the sixth cause of action but denied as to the fourth cause of action.

### *A Stay Pending Arbitration is Warranted Here*

**654737/2024   REINVENT GOLDEN RIDGE LLC vs. KALINER, ROBERT ET AL**           **Page 3 of 8**
 **Motion No.  001**

3 of 8

Defendants seek to stay this action pending the Arbitration, arguing that both this action and the Arbitration arise from common and overlapping allegations and that the claims are substantially the same. They move pursuant to CPLR § 2201, which states that "the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just." Plaintiff opposes, pointing to the fact that there is no overlap between defendants in the two proceedings and that they seek a different amount of damages as relief on technically different claims in the two proceedings.

A threshold issue in this motion is whether a motion to stay pending arbitration requires a complete and exact identity of parties, causes of action, and damages sought. Plaintiff argues that there is such a requirement, citing for support to cases such as *Abrams* which contains language to that effect. *Abrams v. Xenon Industries, Inc.*, 145 A.D.2d 362, 363 (1st Dept. 1988). In the years since *Abrams*, however, the First Department has clarified that in order to avoid the risk of inconsistent rulings, stays have been granted when there is a "substantial overlap between the issues raised in the two proceedings." *Asher v. Abbott Labs*, 307 A.D.2d 211, 211 – 12 (1st Dept. 2003). Arbitration rulings have collateral estoppel effects on judicial proceedings. *Feinberg v. Boros*, 99 A.D.3d 219, 226 (1st Dept. 2012). Therefore, a stay would likely be warranted if there was a 'substantial overlap' between the two actions such that a decision in the Arbitration would have preclusive effect on this matter.

Crucial factors a court should look to when evaluating the validity of a stay tend to involve whether "the two types of claims are inextricably interwoven and the determination of issues in arbitration may well dispose of the nonarbitrable matters." *O'Sullivan v. Jacaranda Club, LLC*, 224 A.D.3d 629, 630 (1st Dept. 2024); *see also Oxbow Calcining USA Inc. v. American Indus. Partners*, 96 A.D.3d 646, 652 (1st Dept. 2012) (holding that a stay was

654737/2024   REINVENT GOLDEN RIDGE LLC vs. KALINER, ROBERT ET AL
Motion No.  001

Page 4 of 8

4 of 8

warranted when there was overlapping factual allegations, a non-complete identity of parties, and the same damages sought because the arbitration determination "may well dispose of or limit the issues to be determined in this action"); *Pace/Cats/CCS v. MovieFone*, 226 A.D.2d 127, 128 (1st Dept. 1996) (holding that a stay is warranted despite non-complete identity of parties and issues when said issues are "inextricable interwoven" with the issues in the other proceeding).

The claims brought by Plaintiff in both proceedings do not have complete identity. The analysis then becomes whether the two sets of claims are inextricably interwoven. In the Arbitration, Plaintiff is alleging among other things that RoundSquare overcharged Plaintiff, breached their agreement relating to the Project, misappropriated and converted the trust funds set aside for the Project. Here, Plaintiff is alleging that the Kaliners diverted the same funds to the LLC Defendants. Essentially, Plaintiff claims in the Arbitration action that RoundSquare diverted Project funds *from* the Lien Law trust and Plaintiff claims in this proceeding that the same managing agents of RoundSquare (here named in their individual capacities) diverted Project funds from the Lien Law trust *to* the LLC Defendants. That the missing link in the alleged cycle of conversion and misappropriation, the RoundSquare entity, is not named as a defendant in this action (or that additional claims are made against the Defendants) does not alter the fact that the issues in the Arbitration and this proceeding are inextricably linked. Whichever way the Arbitration decides the misappropriation and conversion claims, that determination will by necessity have a preclusive effect on the conversion and diversion claims in this action. A finding here cannot be made without conflict that the Kaliners inappropriately moved funds from the Lien Law trust to the LLC Defendants if in the Arbitration there is a finding that there was no such misappropriation of funds by the Kaliners who were acting on behalf of RoundSquare. Therefore, a stay pending the outcome of the Arbitration is warranted.

**654737/2024   REINVENT GOLDEN RIDGE LLC vs. KALINER, ROBERT ET AL**
**Motion No.  001**

**Page 5 of 8**

5 of 8

*The Fraudulent Inducement Claim is Adequately Pled*

The fourth cause of action is for fraudulent inducement and is pled against the Kaliners. The allegations include that they made "representations that the Project was close to substantial competition [sic] when they knew full well several months of work still needed to be performed to complete the Project." It is also alleged that the Kaliners made misrepresentations in order to "induce Plaintiff to contribute additional funds for certain of the defendants to convert." Defendants are moving to dismiss the cause of action on the grounds that it lacks the requisite particularity. They also argue that the alleged misrepresentation regarding substantial completion being "close" is a future prediction or an opinion and therefore not grounds for a fraud claim.

A claim grounded in fraud must be pled with "sufficient particularity so as to satisfy CPLR 3016(b)'s requirement that the circumstances constituting the wrong be stated in detail." *E1 Entertainment U.S. LP v. Real Talk Entertainment, Inc.*, 85 A.D.3d 561, 562 (1st Dept. 2011). Plaintiff here is arguing that misrepresentations, including that the Project was "close" to substantial completion despite several months being needed to complete the project, were made in order to induce Plaintiff to make extra payments. Defendants argue that the word "close" is a prediction of the future and therefore not grounds for fraudulent misrepresentation. But the representation that something is "close to substantial completion" is a representation regarding the current state of affairs on the Project, not a precise prediction of when substantial completion is to occur in the future.

Defendants also argue that the term close to substantial completion is a matter of opinion, and that reasonable minds could disagree on whether or not that would encompass a project that is at least several months away from substantial completion. An expression of opinion, when it is "obvious that a declarant is using a subjective standard", does not form the basis of a fraud

**654737/2024   REINVENT GOLDEN RIDGE LLC vs. KALINER, ROBERT ET AL**          **Page 6 of 8**
  **Motion No.  001**

6 of 8

claim. *Kimmell v. Schaefer*, 224 A.D.2d 217, 218 (1st Dept. 1996). But "even expressions of opinion and/or predictions of future events are actionable if deemed to be statements of material facts." *Id*. Furthermore, where (as is the case here), "one party does have superior knowledge, the expression of an opinion implies that the declarant knows facts which support that opinion and that he knows nothing which contradicts the statement." *Id*. Here, the Kaliners would have had superior knowledge of the state of the Project, and misrepresentations about the current state of the Project were allegedly made to Plaintiff. The claim for fraudulent inducement is sufficiently pled to survive a motion to dismiss.

### *The Declaratory Judgment Is Dismissed as Veil-Piercing Is Not a Separate Cause of Action*

The final cause of action seeks a declaratory judgment that the Kaliners' are liable to Plaintiff on a veil piercing theory. But New York law does not recognize a separate cause of action for veil-piercing. *Chiomenti Studio Legale, L.L.C. v. Prodos Capital Mgt. LLC*, 140 A.D.3d 635, 636 (1st Dept. 2016); *see also 245 E. 19 Realty LLC v. 245 E. 19th St. Parking LLC*, 223 A.D.3d 604, 605 (1st Dept. 2024). Instead, it is a theory of liability that permits a court to "impose the corporate obligation on its owners." *Cortlandt St. Recovery Corp. v. Bonderman*, 31 N.Y.3d 30, 47 (2018). A complaint that pleads adequate facts to support a theory of veil-piercing would, therefore, allow liability for specified corporate liabilities or claims against a corporation to then be imputed to an individual, but veil-piercing is not in and of itself a separate cause of action. Dismissal of the sixth cause of action is therefore proper. The Court has considered the parties' remaining arguments and found them unavailing. Accordingly, it is hereby

ORDERED and ADJUDGED that the motion to dismiss the sixth cause of action is granted and that cause of action is hereby dismissed; and it is further

**654737/2024   REINVENT GOLDEN RIDGE LLC vs. KALINER, ROBERT ET AL**
**Motion No. 001**

**Page 7 of 8**

[* 7]

ADJUDGED that the motion to dismiss the fourth cause of action is denied; and it is further

ORDERED that this matter is stayed pending the final determination of the arbitration In the Matter of the Arbitration between Reinvent Golden Ridge LLC, Claimant -and- RoundSquare Builders, LLC, Respondent, Case No. 01-24-0005-4811, pending before the American Arbitration Association and either party may make an application to vacate or modify this stay upon such final determination; and it is further

ORDERED that the movant is directed to serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office within ten days from entry and the Clerk shall mark this matter stayed as herein provided; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20250417153051LFRANKCDFEF41FC7474896A779319F021DAE7B

| **4/17/2025** | | | | |
|---|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**654737/2024  REINVENT GOLDEN RIDGE LLC vs. KALINER, ROBERT ET AL**
**Motion No.  001**

Page 8 of 8

8 of 8

[* 8]